OPINION
{¶ 1} Defendant-appellant Randy Byrd appeals from consecutive sentences imposed following his negotiated plea of guilty to one count of Rape and one count of Sexual Battery. Byrd contends that the trial court did not comply with the requirement of R.C.2929.14(E)(4) that it make certain findings before imposing consecutive sentences, and also give the reasons for the imposition of consecutive sentences. We agree with Byrd that the trial court's conclusory statements that the harm suffered by the victim was great, and that the victim will suffer ongoing emotional harm, are too conclusory to satisfy the requirements of the statute. Accordingly, the sentence is reversed, and this cause is remanded to the trial court for re-sentencing.
 I {¶ 2} At one time, Byrd and his victim were engaged to be married, but that engagement was broken. Byrd and the victim continued to talk to one another from time to time.
 {¶ 3} On March 10, 2002, Byrd put a sleep-inducing drug, known as Ambien, into the drink of his victim, who then fell asleep. While she was asleep, Byrd engaged in sexual intercourse with her without her consent. Byrd left her residence, but returned and allegedly had sexual intercourse with her on two further occasions while she was unconscious.
 {¶ 4} Byrd was charged by indictment with three counts of Rape. Following plea negotiations, Byrd pled guilty to one count of Rape, and one count of Sexual Battery. Byrd was sentenced to eight years imprisonment for Rape, and four years imprisonment for Sexual Battery, with the sentences to be served consecutively. From his sentence, Byrd appeals.
 II {¶ 5} Byrd's sole assignment of error is as follows:
 {¶ 6} "The trial court erred when it sentenced defendant-appellant to consecutive prison terms."
 {¶ 7} R.C. 2929.14(E)(4) requires that the trial court make certain findings when imposing consecutive sentences:
 {¶ 8} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 9} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed under section2929.16, 2929.17, or2929.18 of the Revised Code, or was under post conviction relief control for another offense.
 {¶ 10} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflect the seriousness of the offender's conduct. "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender."
 {¶ 11} Separate and distinct from the duty to make findings set forth in R.C. 2929.14(E)(4), R.C. 2929.19(B)(2) imposes the following requirement:
 {¶ 12} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 13} * *
 {¶ 14} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences;
 {¶ 15} * *" {¶ 16} The duty imposed by R.C.2929.19(B)(2)(c) to give the reasons for imposing consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4) for the imposition of consecutive sentences. State v. Comer, 99 Ohio St.3d 463, 467,2003 Ohio-4165, ¶ 19; State v. Grider (2001),144 Ohio App.3d 323, 326-327.
 {¶ 17} At the sentencing hearing, the trial court made the following statement in connection with the imposition of sentence:
 {¶ 18} "Based upon everything that's been presented to the Court, the Court finds the following factors: Under 2929.12(B) as to both counts, the Court finds the offender's relationship to the victim facilitated the act. They had been close, they had been engaged. There was still a friendship after the engagement was broken where they still remained if not confidants of each other then people they could each turn to for conversation. There still seemed to be a significant regard each had for the other. In fact, it was the relationship that not only facilitated the offense but that led to it, because it appears to be some twisted plan to make the relationship permanent.
 {¶ 19} "Further, under 2929.12(B), as to the second count in determining whether or not there are any relevant factors indicating the conduct is more serious, that was the offense that was reduced to sexual battery but all the facts relevant to this offense would indicate that, in fact, it was a rape. So obviously it would have to be considered the most serious form of sexual battery.
 {¶ 20} "As to factors which would indicate the offense was less serious, 2929.12(C), the victim did not facilitate the offense and the defendant did not act under strong provocation. I don't find that there was a reasonable expectation that physical harm would not be caused under these circumstances, perhaps not desired or wanted. I find no substantial mitigating grounds. There is on the periphery of this situation the defendant's mental health history, but this was a planned event; and I don't find any indication that he did not understand exactly what was going on, although perhaps if he was in a sense of depression, it made it easier to carry out or seemed more reasonable to him to carry it out, which could be mitigating.
 {¶ 21} "As to recidivism, Counsel for the Defense is correct there is no prior delinquency record that this Court's aware of, and the only prior criminal conviction is a DUI in 1991; but that is a prior criminal conviction.
 {¶ 22} "Then becomes the issue of the genuine remorse, and there are facts before the Court that could be interpreted in both directions. There were three separate incidents. In fact in his statement, the Defendant indicates the third one's not even fair because that was consensual. In fact, she was a very willing partner. That shows a lack of understanding if not a lack of remorse as to the victim's situation at that point.
 {¶ 23} "There was the phone call in which he was unwilling to alleviate her concerns as to how the incident occurred, whether or not that was more out of lack of fear or some suspicion regarding that call, it certainly was not forthcoming. At least the Defendant was not forthcoming in trying to alleviate the victim's concern at that point in time; but in reviewing the videotape of the defendant's statement to the detectives, the Court is compelled to make a finding that during that statement, the Defendant did seem remorseful for his actions. He didn't break down and cry, although there was a momentary sob; but this was an interview that lasted in the neighborhood of an hour or more and he was quite controlled in the way of controlling his emotions; but he did seem to understand throughout that whole interview that what he had done was wrong. He was taking all of the blame for whatever happened. He kept putting in, however, he did put in at least one point the fact that that third time she knew, in his mind, that there was consent.
 {¶ 24} "It's always hard to determine whether under the circumstances the remorse is for committing the offense or for now being brought to pay for the offense, but it did appear that there was some genuine remorse as to what he had done to the Defendant — or to the victim, excuse me.
 {¶ 25} "As to factors under 2929.12(E), there is no previous record of delinquency adjudication; and in the 41 years of his life, the only record is a prior DUI, so he has been law abiding for a significant number of years. As I indicated, I have found some genuine remorse in this incident.
 {¶ 26} "Under 2929.13(F), the Court finds that a prison sentence is mandatory by statute for the offense of rape, so that is a relevant factor as to Count One.
 {¶ 27} "As to Court Two, prison is not presumed to be necessary nor is community control. The guidelines there are defined as sanctions that punishes the offense and protects the community.
 {¶ 28} "The Court finds that the offense has caused serious emotional harm and it caused some physical harm based upon the medical records. The activities of that night have been documented to have resulted in some physical harm, and although there is no medical documentation as to the emotional harm other than her — the observance of the medical care professional on the date in question, the Court has no problem with the understanding that the emotional harm will continue.
 {¶ 29} "The Court having determined that prison is mandatory in Court Two — or in Count One, also finds that prison is the proper sentence for Count Two and under 2929.14(B), based upon the seriousness of this offense, finds that a minimum sentence would demean the seriousness of the offense in both Count One and Count Two.
 {¶ 30} "One of the factors or facts that were brought forth in the presentence was a restitution showing that Community Hospital is owed $1,209.56. There appears to also be some services for a Dr. Olson, but I have not been given any figures with which to make a determination of what that might be.
 {¶ 31} "Based upon all the facts that I have placed on the record at this time, it is the order of the Court that as to Count One, the Defendant be sentenced to 8 years in the Ohio State Penitentiary, fined $15,000, and costs.
 {¶ 32} "As to Count Two, it's the order of the Court that Defendant be sentenced to 4 years in the Ohio State Penitentiary, fined $7500, and costs, be ordered to pay $1,209.56 in restitution.
 {¶ 33} "Further, based upon the information that's been provided in the pre-sentence investigation, the Court finds the defendant is not capable of paying the fines that have been imposed and it does not appear that within a reasonable period of time he could pay these fines, being indigent in that regard. Fines are suspended. The restitution and costs will remain part of the order.
 {¶ 34} "The Court also finds that the harm which has been caused by this activity and these offenses is great. The suffering will continue. I find that consecutive sentences are necessary to protect the public and punish the offense. Further, that it would not be disproportionate for these offenses and based upon these facts and the fact that the harm was great, it is ordered that Count Two be served consecutive to Court One. That is a total of 12 years."
 {¶ 35} Based upon our review of the transcript of the sentencing hearing, we conclude that the trial court made the following findings: (1) that consecutive sentences are necessary protect the public from future crime and to punish the offender; and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct.
 {¶ 36} We do not find, however, that the trial court made the third finding required by R.C. 2929.14(E)(4). Presumably, the finding that the trial court might have made was the one set forth in R.C. 2929.14(E)(4)(b), which is that the harm caused by the offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of the offender's conduct. It may be that the trial court intended to make this finding, but the finding does not expressly appear in the record.
 {¶ 37} Furthermore, the reasons for the imposition of consecutive sentences are not set forth in the record, beyond the trial court's conclusory statement that the victim suffered great harm, and that her suffering will continue. The trial court made it clear that the harm being referred to is the emotional harm resulting from the offenses, rather than any physical harm. We assume that most, if not all, victims of rape suffer serious emotional harm, and that the emotional suffering continues long after the offense. We understand the statute to require that the trial court set forth a reason for selecting these particular offenses for the imposition of consecutive sentences, finding something about the commission of these particular offenses that causes greater harm, or more unusual harm, than harm ordinarily resulting from the commission of the offenses. In our view, the trial court has failed to set forth, in the record, its reasons for so finding.
 {¶ 38} Byrd's sole assignment of error is sustained.
 III {¶ 39} Byrd's sole assignment of error having been sustained, the sentence is reversed and this cause is remanded for re-sentencing. At the re-sentencing, the trial court may, in the exercise of its sound discretion, impose consecutive sentences, but if it shall decide to do so, it must make the necessary statutory findings, and must comply with the requirement of R.C.2929.19(B)(2)(c) that it set forth the reasons for its imposition of consecutive sentences.
Brogan and Grady, JJ., concur.