OPINION
{¶ 1} Defendant, William Hart, appeals from his convictions for domestic violence and assaulting a police officer and the sentences imposed on those convictions.
FIRST ASSIGNMENT OF ERROR
 {¶ 2} "Whether the trial court's imposition of a prison sentence for a fifth degree felony was contrary to law and supported by the record."
 {¶ 3} The two offenses of which Hart was convicted are felonies of the fifth and fourth degrees, respectively. In order to impose a term of imprisonment for such offenses, the trial court must make the findings prescribed by R.C 2929.13(B)(2). Further, the court must pronounce its findings on the record at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165.
 {¶ 4} The transcript of the March 29, 2004 sentencing hearing contains none of the findings that R.C. 2929.13(B)(2) required the court to make. The court reviewed the nature of Hart's offenses and the conduct involved, and stated that it had reviewed the presentence investigation report. The State argues that these references represent implied findings, a standard we applied in State v. Parker, Montgomery App. No. 19486, 2003-Ohio-4326. Parker was decided on August 15, 2003. Comer
was decided twelve days later. It effectively overrules Parker
by requiring the court to make findings that are explicit.
 {¶ 5} The first assignment of error is sustained.
SECOND ASSIGNMENT OF ERROR
 {¶ 6} "Whether the trial court's sentence of appellant to the maximum statutory prison term was contrary to law and supported by the record."
 {¶ 7} Defendant was not sentenced to the maximum possible sentence for his fourth degree assault on a police officer conviction. The court did impose the maximum possible sentence of one year for his fifth degree felony conviction for domestic violence. The court was therefore required to make the findings prescribed by R.C. 2929.14(C). The court's recitations identify matters it might have applied to support such findings, but no findings were made.
 {¶ 8} The second assignment of error is sustained.
 Conclusion {¶ 9} The statutory findings and reasons requirements which the several sentencing statutes impose have a dual purpose. When satisfied, they authorize the court to impose the sentence or sentences concerned. And, the pronouncements they prescribe constitute a regimen which, when followed, is intended to produce more fair and uniform sentencing across the State of Ohio.Comer was particularly concerned with the latter value. Its requirements are not satisfied unless the court makes pronouncements at the sentencing hearing which in their expressions comport with the particular statutory findings and reasons, if any, the court must make and state to impose a particular sentence.
 {¶ 10} Having sustained the assignments of error presented, we will reverse the sentences the court imposed and remand the case for resentencing.
Wolff, J. And Young, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.