OPINION
{¶ 1} Defendant, Bobby R. Groce, Jr., was convicted after a jury trial of three charges of Aggravated Robbery, R.C.2911.01(A)(1), a first degree felony. The trial court imposed concurrent sentences of five years for each of two of the offenses. It imposed a six year sentence for the third offense, to be served consecutive to Defendant's completion of the other two sentences. Groce filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 2} "THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE IN THE RECORD."
 {¶ 3} Defendant concedes in his appellate brief that the trial court stated on the record at the sentencing hearing all of the findings required by R.C. 2929.14(E)(4) in order to impose consecutive sentences. However, Defendant argues, the trial court failed to give its reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c), and further failed to clearly align each of its reasons with a specific finding to support its decision to impose consecutive sentences. See State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165 at ¶ 21.
 {¶ 4} Under R.C. 2929.14(E)(4), if discretionary consecutive sentences are imposed, the court must find (1) that consecutive sentences are necessary either to protect the public or punish the offender, (2) that consecutive sentences are not disproportionate both to the seriousness of the offender's conduct and the offender's danger to the public, and (3) that one of three situations exists: (a) offenses were committed while the offender was awaiting trial or sentencing, under a community control sanction, or under post-release control or parole supervision; (b) the harm caused was so great or unusual for offenses committed in a single course of conduct that no single prison term would adequately reflect the seriousness of the conduct; or (c) the offender's criminal conduct indicates that consecutive sentences are necessary to protect the public.
 {¶ 5} When consecutive sentences are imposed on the conclusory findings in R.C. 2929.14(E)(4), R.C. 2929.19(B)(2)(c) further requires the court to also "give its reasons for selecting the sentence imposed." The requirement of providing reasons obliges the court to explain how it reached the particular conclusions and how the particular number of years selected comply with the rule against disproportionality." Griffin and Katz, Ohio Felony Sentencing Law (2004 Ed.) Section 2:23, at p. 492.
 {¶ 6} "Reasons are different from the legal conclusions of `findings' required to impose particular sentences. `Reasons' are statements of fact and analyses which support the legal conclusions that constitute findings. `Reasons' are also the explanation for selecting a particular sentence because of the existence of certain facts or certain subsidiary legal conclusions. `Reasons' are the explanation of how the overriding purposes and basic principles of sentencing, the required considerations of sentencing, and the statutory guidance concerning imprisonment and non-imprisonment link together to produce a particular sentence that, as required by R.C.2929.12(B), is `reasonably calculated to achieve the two overriding purposes of felony sentencing." Id., Section 2:20, at p. 473 (citations omitted).
 {¶ 7} "A trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision." Comer, at ¶ 21. Failure to state reasons which are statutorily required is reversible error. State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110.
 {¶ 8} The sum of these considerations is simple, though elusive. In order to impose a consecutive sentence per R.C.2929.14(E)(4), the court first must make the particular findings which that section prescribes. Then, to justify the consecutive sentence it selected, the court must articulate why it made any of the conclusory findings it made,[1] having reference to the policy purposes of felony sentencing in R.C. 2929.11 and the applicable seriousness and recidivism factors in R.C. 2929.12, and how the particular number of years it selected comply with the rule against disproportionality vis-a-vis the seriousness of the offense and the danger the offender poses to the public.
 {¶ 9} Here, in addressing these requirements, the trial court made the following findings:
 {¶ 10} "THE COURT: In imposing the sentence today, the Court does find beyond a reasonable doubt that consecutive sentences are necessary to protect the public from future crime and that consecutive sentences are necessary to punish the offender.
 {¶ 11} "Further, the Court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.
 {¶ 12} "Court specifically further finds that the defendant was on postrelease control at the time of the offense, having occurred in September of 2003, the Defendant having been released from the penitentiary in May of 2003, serving a two-year sentence for the violent offense of felonious assault.
 {¶ 13} "Further, the parole officer has indicated to the Court — and this is included in the probation report which the Court incorporates in its sentencing decision — that the Defendant has not been cooperating with the conditions of postrelease control and that there has been a detainer placed on the Defendant, and a revocation will proceed.
 {¶ 14} "Court finds that the Defendant has an extensive juvenile record going back to 1991, including violations of criminal damaging, felonious assault, robbery, and includes attempts at probation supervision and one commitment to the Department of Youth Services.
 {¶ 15} "Court further incorporates the presentence investigation, including the recidivism and seriousness factors including, without limitation, the finding that the physical or mental injury suffered by the victims was exacerbated because of the age of the victims, that the offender has not been rehabilitated to a satisfactory degree after previously having been adjudicated a delinquent child and having previously been placed on postrelease control as an adult; and further, the Defendant continues to deny involvement in these offenses for which he was convicted, and shows no remorse." (T. 453-455).
 {¶ 16} The final three paragraphs of the court's recitation refer to matters which correspond to the factors in R.C. 2929.11
and R.C 2929.12, and therefore could readily be reasons for the conclusionary findings the court made in the first three paragraphs. Comer requires more, however. It requires the court to "clearly align each rationale with the specific finding" it supports. Two or more matters are aligned when put into proper relative position or orientation. Webster's Third International New Dictionary. That connection is lacking in the format the court adopted, which fails to articulate a connection between the particular reasons on which it relied for each of the findings it made. Therefore, the "reasons" requirement of R.C.2929.19(B)(2)(c) as construed in Comer is not satisfied, and we are required to reverse under the rule of Edmonson.
 {¶ 17} The changes in Ohio's felony sentencing scheme which S.B.2 adopted in 1995 were many and substantial. The "findings" and "reasons" requirements were perhaps the greatest departure from past practice. The basis of any sentence the court selects from among those available is no longer intuitive. Rather, as we explained in State v. Hart (June 3, 2005), Montgomery App. No. 20449:
 {¶ 18} "The statutory findings and reasons requirements which the several sentencing statutes impose have a dual purpose. When satisfied, they authorize the court to impose the sentence or sentences concerned. And, the pronouncements they prescribe constitute a regimen which, when followed, is intended to produce more fair and uniform sentencing across the State of Ohio.Comer was particularly concerned with the latter value. Its requirements are not satisfied unless the court makes pronouncements at the sentencing hearing which in their expressions comport with the particular statutory findings and reasons, if any, the court must make and state to impose a particular sentence."
 {¶ 19} The assignment of error is sustained. Defendant's sentences will be vacated and the matter remanded for resentencing.
Young, J., concurs.
Donovan, J., dissents.
Hon. Frederick N. Young, Retired from the Court of Appeals,Second District, sitting by assignment of the Chief Justice ofthe Supreme Court of Ohio.
[1] The requirement does not apply to a finding of fact that the offender was in one of the post-release control programs when the offense was committed.