OPINION
{¶ 1} Defendant, Randy Byrd, appeals from his convictions for rape and sexual battery and the consecutive sentences of eight and four years, respectively, which the court imposed for those offense. Byrd presents a single assignment of error on appeal, which states:
 ASSIGNMENT OF ERROR {¶ 2} "THE TRIAL COURT ERRED WHEN IT RE-SENTENCED DEFENDANT-APPELLANT TO CONSECUTIVE PRISON TERMS."
 {¶ 3} In a prior appeal, we reversed and remanded the case for re-sentencing after the same consecutive sentences were imposed because the trial court had failed to comply with R.C.2929.14(E) and R.C. 2929.19(B)(2)(c). State v. Byrd, Clark App. No. 03CA08, 2004-Ohio-4369.
 {¶ 4} R.C. 2929.14(E)(4) sets out a series of findings the court must make before it imposes consecutive sentences. The principal paragraph of that section states two multi-part findings which are mandatory. The first is that "consecutive service is necessary to protect the public from future crime or to punish the offender." The second is "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."
 {¶ 5} In the prior appeal, we found that the court made the necessary finding that consecutive sentences are necessary to protect the public from future crime and to punish the offender, satisfying the first mandatory requirement of R.C. 2929.14(E). With respect to the second finding that section mandates, we stated that the court had found that consecutive sentences are not disproportionate to the seriousness of the offender's conduct. However, we further found that the court failed to make two additional findings that R.C. 2929.14(E) requires.
 {¶ 6} First, the court did not find that consecutive sentences are "not disproportionate to . . . the danger the offender poses to the public," which is the second part of the second finding mandated by R.C. 2929.14(E)(4).
 {¶ 7} Second, the court did not make at least one of the three additional findings that R.C. 2929.14(E)(4) further requires. Only one of these findings might apply here, which is that:
 {¶ 8} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."
 {¶ 9} Because the trial court had not made the full array of findings that R.C. 2929.14(E)(4)(a)-(c) requires, we held that the court's failure constituted reversible error.
 {¶ 10} Even when a court that imposes consecutive sentences fully complies with R.C. 2929.14(E), its job is only partly done. It must also satisfy R.C. 2929.19(B)(2)(c). That section provides:
 {¶ 11} "The court shall impose a sentence and make a finding that gives its reasons for selecting the sentence imposed . . . [i]f it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing consecutive sentences."
 {¶ 12} Case law has held that, in order to satisfy the requirements of R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c), the sentencing court must articulate and pronounce its particular findings and reasons in a manner that permits meaningful appellate review, pronouncements which in their expression clearly comport with the particular statutory findings the court must make and the reasons which support the findings. State v.Groce, Montgomery App. No. 20672, 2005-Ohio-4200. Further, the court must "clearly align" the reason with the finding it supports. State v. Comer, 99 Ohio St.3d 463. That does not contemplate recitation of matters, however compelling, that may be reasons but which are not directly connected in their presentation by the court to one of its express findings. Some nexus must be portrayed.
 {¶ 13} When the trial court held a second sentencing hearing on our remand the court stated that it "again finds all of the factors that were originally found in the prior disposition." (T. 12). The court then went on to state that the harm the Defendant's offenses created "was great and continues to be great" (T. 14), and that, in addition to Defendant, "[t]he sentence is to be a deterrent to others who would find themselves in the same situation." (T. 14). The court also reviewed the facts of the Defendant's offenses in connection with those findings.
 {¶ 14} Reluctantly, because we believe the court was sincere in its views and earnest in its efforts to comply, on this record we must find that the court again failed to satisfy the statutory mandates.
 {¶ 15} First, the court failed to find that consecutive sentences are "not disproportionate to . . . the danger the offender poses to the public." R.C. 2929.14(E).
 {¶ 16} Second, though the court found that the victim suffered harm which was great or unusual, the court did not go on to find that as a result "no single prison term for any of the offenses committed . . . adequately reflects the seriousness of the offender's conduct." R.C. 2929.14(E)(4)(b).
 {¶ 17} We concede and agree that the omitted findings may be inferred from comments the court made. However, the particular findings that R.C. 2929.14(E)(4) requires may not be inferred.State v. Hart, Montgomery App. No. 20449, 2005-Ohio-2754. Each must be directly stated by an affirmative pronouncement.
 {¶ 18} Third, though the court recited matters which could be reasons for the consecutive sentences it imposed, the court did not clearly align those reasons with the findings such reason or reasons supports. R.C. 2929.19(B)(2)(c); Comer.
 {¶ 19} Prior to July 1, 1996, when R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) became effective, sentencing courts rarely were required to make findings and were never required to state the court's reasons for imposing a particular sentence. So long as a sentence was within the available range, an adequate reason was conclusively presumed. S.B. 2 changed that, imposing findings and reasons requirements in order to achieve more uniform and just sentencing state-wide. Compliance has not been easy. Comer
and other cases have established a strict compliance standard.
 {¶ 20} The preferred practice is for the sentencing court to orally pronounce each finding its sentence requires, and where a reason is further required to pronounce the reason before moving on to another finding. Compliance is easiest if a finding is stated in the exact statutory term. Straying from that practice seems to inevitably present compliance problems that typically are resolved against the sentencing court.
 {¶ 21} The assignment of error is sustained. Defendant's consecutive sentences are reversed and vacated, and the case will be remanded to the trial court for further proceedings consistent with this opinion.
Brogan, J. and Fain, J., concur.
 FINAL ENTRY
Pursuant to the opinion of this court rendered on the _________ day of ____________, 2006, the judgment of the trial court is Reversed and the matter is Remanded to the trial court for further proceedings consistent with the opinion. Costs are to be paid as provided in App.R. 24.