OPINION
{¶ 1} Randy Byrd appeals from a judgment of the Clark County Court of Common Pleas, which sentenced him to eight years for rape and four years for sexual battery following his negotiated guilty plea. This is Byrd's third appeal regarding his sentence; he had been resentenced twice pursuant to our remands in State v. Byrd, Clark App. No. 03-CA-08,2004-Ohio-4369 and State v. Byrd, Clark App. No. 04-CA-84,2006-Ohio-834. In this appeal, Byrd's attorney has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493, in which he asserts that there are no meritorious issues for appellate review. We notified Byrd of counsel's position and invited him to file his own brief, but he has not done so.
 {¶ 2} In 2002, Byrd drugged his former fiancee and had sexual intercourse with her several times without her consent. He pled guilty to one count of rape and one count of sexual battery pursuant to a negotiated plea. He was sentenced to eight years of imprisonment on the rape and to four years on the sexual battery, to be served consecutively. On appeal, we found that the trial court had failed to make the findings required by R.C. 2929.14(B) and (E) for the imposition of consecutive sentences. We remanded for resentencing. Byrd, Clark App. No. 03-CA-08. After resentencing, Byrd appealed and we again concluded that the court's reasoning had failed to satisfy the requirements of R.C. 2929.14(B) and (E). On February 24, 2006, we remanded for resentencing a second time. Byrd, Clark App. No. 04-CA-84.
 {¶ 3} Three days later, the Supreme Court of Ohio issued its opinion in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.Foster held that the requirements set forth at R.C. 2929.14(B) and (E) were unconstitutional and severed them from the sentencing provisions of the Revised Code. In light of this holding, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings *Page 3 
or to give their reasons for imposing consecutive prison terms. Id. at ¶ 99; State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37. The trial court recognized this change in the law subsequent to our remand, and the court's most recent sentence is in accordance withFoster. Thus, we agree with appellate counsel that there is no merit to this argument.
 {¶ 4} Pursuant to Anders, we have conducted an independent examination of the record in this case, and, having done so, we agree with the assessment of appointed appellate counsel that there are no arguably meritorious issues for appellate review and that this appeal is wholly frivolous.
 {¶ 5} The judgment will be affirmed.
 GRADY, J. and DONOVAN, concur. *Page 1