OPINION
{¶ 1} This is an appeal from the judgment of the Auglaize County Common Pleas Court which found Defendant-appellant, David R. Johnson, guilty of one count of Burglary and sentenced him to five years in prison.
 {¶ 2} On June 26, 2003, Johnson was indicted on one count of Burglary, in violation of R.C. 2911.12(A)(1), a felony of the second degree. Specifically, the indictment alleged that Johnson "did by force, stealth, or deception trespass in an occupied structure or in a separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present with purpose to commit in the structure or in the separately occupied portion of the structure any criminal offense." The indictment stemmed from an incident wherein Johnson grabbed a purse through the window of an occupied home.
 {¶ 3} Johnson initially pled not guilty but later changed his plea to guilty. In exchange for his plea of guilty, the charge was reduced to a third degree felony which does not require another person to be present within the structure. In addition, the State agreed to recommend a sentence of four years in prison. After finding that Johnson committed the worst form of the offense and posed the greatest likelihood of committing future offenses, the trial court sentenced Johnson to the maximum sentence of five years in prison.
 {¶ 4} Johnson now appeals, asserting a single assignment of error:
The trial court committed prejudicial error when it failed toproperly follow the sentencing criteria set forth in Ohio RevisedCode Section R.C. 2929.14, resulting in the defendant-appellantreceiving a sentence which is contrary to law.
 {¶ 5} In reviewing a felony sentence, an "appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it finds by clear and convincing evidence:
(1) That the record does not support the sentencing court'sfindings under division (B) or (D) of section 2929.13, divisionE(4) of section 2929.14, or division (H) of section 2929.20 ofthe revised code, whichever if any is relevant; [or]
 (2)That the sentence is otherwise contrary to law.
R.C. 2953.08(G)(2). Moreover, the trial court is in the best position to make the fact-intensive evaluations required by the sentencing statutes as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society. State v. Martin (1999),136 Ohio App.3d 355, 361, 1999-Ohio-814.
 {¶ 6} R.C. 2929.14 provides that an offender who commits a felony of the third degree may be sentenced from one to five years in prison. The trial court may only sentence the offender to the longest term if it finds that the defendant is a person who "committed the worst forms of the offense [or] * * * who pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). See, also, State v. Cosgrove, Auglaize App. No. 2-2000-33, 2001-Ohio-2352 (allowing sentence to stand when record supports "the greatest likelihood of the committing future crimes" but fails to support the "worst form of the offense."). Moreover, the court must also give reasons for its findings on the record for sentencing an offender to the maximum term as listed in R.C. 2929.14(C). R.C. 2929.19(B)(2)(d); see, also,State v. Edmondson (1999), 86 Ohio St.3d 324 (finding that R.C.2929.14[C] and 2929.19[B][2][d] prevents a court from imposing a maximum sentence unless the court records findings that gives its reasons for selecting the maximum sentence.).
 {¶ 7} In evaluating whether R.C. 2929.14 has been satisfied, the trial court should look to the factors laid out in R.C.2929.12(B), (C), (D) and (E). Martin, supra. R.C. 2929.12(B) and (C) relate to the "seriousness of the conduct." R.C.2929.12(D) and (E) relate to the "likelihood of the offender's recidivism" which includes, in relevant part, whether the offender was under post-release control, had prior criminal convictions or had responded to previously imposed sanctions. Accordingly, the sentencing court may use its discretion, utilizing its own personal judgment, to assign the weight given to each particular statutory factor. State v. Arnett (2000),88 Ohio St.3d 208, 215-216, 2000-Ohio-302.
 {¶ 8} Johnson argues that the evidence does not support the trial court's finding that he poses the greatest likelihood of reoffending and committed the worst form of the offense. Regarding Johnson's likelihood of reoffending, the trial court noted that Johnson had previously been convicted of robbery, aggravated burglary and receiving stolen property, had served time for these offenses, and was on parole and living in a halfway house when he committed the current offense. The trial court further noted that between Johnson's release date from prison in April of 2002 and the instant offense in July of 2003, Johnson was incarcerated at the Logan County Jail for failing a drug test and was picked up on other parole violations. Based on the foregoing, the trial court found that Johnson had the greatest likelihood of reoffending as "[t]his pattern of criminal conduct demonstrates that he is an extremely high risk to reoffend * * *."
 {¶ 9} Regarding the worst form of the offense determination, the trial court noted that Johnson's' actions would support a second degree burglary conviction since people were in the home at the time of the invasion. For that reason, the trial court found that Johnson had committed the worst form of a third degree burglary offense.
 {¶ 10} As the trial court's findings were supported by the record, we are unable to determine by clear and convincing evidence that the trial court's sentence was contrary to law. Consequently, Johnson's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Cupp and Bryant, JJ., concur.