OPINION
{¶ 1} Defendant-appellant, Greg W. Good ("Good"), appeals the October 11, 2004 judgment of the Common Pleas Court of Logan County, Ohio, sentencing him to a prison term of three (3) years to be served consecutively with a sentence currently being served. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).
 {¶ 2} Between the dates of August 30, 2003 and August 31, 2003 Good and David Henry ("Henry"), in a continuing course of conduct, broke into a residence at 330 N. Oak Street in Lakeview, Ohio, vandalized another residence at 345 N. Oak Street in Lakeview, Ohio, stole a red Ford Ranger pickup truck from 410 N. Oak Street in Lakeview, Ohio and damaged two other motor vehicles in Lakeview, Ohio.
 {¶ 3} An eyewitness, Chad Minnich ("Minnich") reported observing Good and Henry coming out of the residence at 330 N. Oak Street in Lakeview, Ohio on the night of August 30-31, 2003. The home was damaged and there was blood on a curtain in the residence. The blood was submitted to the laboratory for DNA testing, and the DNA in the sample matched Greg Good's DNA. Furthermore, other witnesses stated that Good made incriminating statements admitting to the damage that occurred that evening.
 {¶ 4} At the time of the incident, Good was on community control as a result of another incident that does not appear to be disclosed in the record.[1] The record does indicate that the trial court was aware of the previous case and Good's lengthy criminal record in Logan County. However, with regard to the previous offense for which he was on community control the record merely states that the previous incident was relatively similar to the case at hand and occurred in Logan County, Ohio, and that his current sentence would expire in 2007.
 {¶ 5} On July 13, 2004 Good was indicted on one count of Burglary, a felony of the third degree, one count of Vandalism, a felony of the fifth degree, one count of Theft of a Motor Vehicle, a felony on the fourth degree, and two counts of criminal damaging, misdemeanors of the second degree. On October 11, 2004 Good pled guilty to count one of the indictment charging Burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree, and agreed to pay restitution on counts two through five which were dismissed. The Common Pleas Court of Logan County accepted Good's plea of guilty and agreed to proceed to sentencing since the Court was familiar with Good and his background. The Court sentenced Good to serve three years incarceration and pay restitution to the victims. The Court further ordered that the three year sentence should be "served consecutively with the sentence currently being served." Judgment Entry at p. 4.
 {¶ 6} On November 9, 2004, the defendant-appellant filed a notice of appeal raising the following assignment of error:
The Common Pleas Court of Logan County erred in sentencing Good with asentence consecutive to his then existing sentence.
 {¶ 7} In reviewing a felony sentence, an "appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it finds by clear and convincing evidence:
That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division E(4) of section 2929.14, or division (H) of section 2929.20 of the revised code, whichever if any is relevant; [or] That the sentence is otherwise contrary to law.
R.C. 2953.08(G)(2). The trial court, however, is in the best position to make the evaluations on the facts required by the sentencing statutes because the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society. State v. Johnson (2004), 2004 Ohio 2062, State v. Martin
(1999), 136 Ohio App. 3d 355, 361.
 {¶ 8} Pursuant to R.C. 2929.14, an offender who commits a felony of the third degree may be sentenced to a prison term of one to five years. R.C. 2929.41(A) states that a prison term shall be served concurrently with any other prison term imposed by a court of this state, except as provided in division (E) of 2929.14 of the Revised Code. R.C. 2929.14(E)(4) provides:
If multiple prison terms are imposed on an offender for convictions ofmultiple offenses, the court may require the offender to serve the prisonterms consecutively if the court finds that the consecutive service isnecessary to protect the public from future crime or to punish theoffender and that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger the offenderposes to the public, and if the court also finds any of the following:
 The offender committed one or more of the multiple offenses while theoffender was awaiting trial or sentencing, was under a sanction imposedpursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, orwas under post-release control for a prior offense.
 At least two of the multiple offenses were committed as a part of oneor more courses of conduct, and the harm caused by two or more of themultiple offenses so committed was so great or unusual that no singleprison term for any of the offenses committed as part of any of thecourses of conduct adequately reflects the seriousness of the offender'sconduct.
 The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
 {¶ 9} In State v. Comer (2003), 99 Ohio St. 3d 463, 2003-Ohio-4165, the Ohio Supreme Court held that prior to imposing consecutive sentences, the trial court must make the requisite statutory findings and provide the rationale supporting those findings on the record at the sentencing hearing. The Ohio Supreme Court further explained that "on the record" means that "oral findings must be made at the sentencing hearing." Id. at ¶ 26.
 {¶ 10} In the case at hand, the trial court made the following findings and rationale at the sentencing hearing:
It will be the sentence of this Court that you receive a sentence ofthree years. Because you were on community control at the time, the Courtis going to make this sentence consecutive to the sentence you'recurrently serving.
 The Court finds that it is necessary to protect the public and topunish you, and that this sentence is not disproportionate to the othersentences this Court has imposed, and its not disproportionate to thefacts in this case. And this crime was committed while the defendant wasunder the sanction of community control, and, in fact, just within 40days of the time of being released.
 The — if a probationer can commit offenses after being given theprivilege of being on probation and receive no additional punishment forit, there is no protection for the public, and the Court feels duty boundin spite of the recommendation by the State to impose a consecutivesentence.
 {¶ 11} Therefore, the trial court made the requisite statutory findings and supported those findings on the record for a consecutive sentence in an oral sentencing hearing.
 {¶ 12} Good argues that the trial court relied on the wrong statutory sections when it imposed a consecutive sentence. Specifically, Good points to the trial court's recital of factors in the Judgment Entry of the "Defendant pos[ing] the greatest likelihood of recidivism" and the fact that the "Defendant committed the within offense while on community control" which pertain to R.C. 2929.14(C) and R.C. 2929.13(B), respectively. R.C. 2929.14(C) deals with the court imposing the maximum sentence on the offender; however, in the case at hand, the trial court did not impose the maximum sentence. R.C. 2929.13(B) deals with felonies of the fourth and fifth degree, as opposed to the third degree felonies as in the case at hand.
 {¶ 13} However, the statutory sections that Good believes were improperly used by the court, were not being used for the purpose of imposing a consecutive sentence but rather in weighing the "seriousness of the conduct" and the "likelihood of the offender's recidivism." While the trial court was incorrect in citing R.C. 2929.13(B) and 2929.14(C) in the judgment entry, the findings under these two sections are relevant to the weighing and balancing analysis under R.C. 2929.12.
 {¶ 14} Though the trial court did err in citing the wrong sections, the error is harmless because there was no prejudice to Good by using these findings. Specifically, the trial court did not impose a maximum sentence nor did it suggest that the crime should be a fourth or fifth degree felony. However, in its Judgment Entry, the trial court should have cited R.C. 2929.13(C), rather than citing R.C. 2929.13(D), as this case concerns a third degree felony rather than a fourth or fifth degree felony. In addition, the finding by the trial court that Good poses a great likelihood of recidivism should have cited to R.C. 2929.12(D), rather than citing R.C. 2929.14(C), as the trial court did not impose a maximum sentence but only considered the factors indicating that the offender is likely to commit future crimes.
 {¶ 15} In sum, not withstanding these errors in the judgment entry, we nevertheless conclude that Good's argument is without merit because all of the foregoing factors cited by the trial court were in addition to the correct findings included in the sentencing record in this case. Because the trial court's findings were supported by the record we are unable to determine by clear and convincing evidence that the trial court's sentence was contrary to law.
 {¶ 16} Based on the foregoing, we hold that the trial court did not err in ordering that Good's sentence be served consecutively to his prior sentence. The assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 Cupp, P.J., and Rogers, J., concur.
[1] We note that it if the trial court determines that it is necessary to impose consecutive sentences the better practice would be to make clear at the sentencing hearing the nature of the previous offense and the length of the current sentence. In the instant case, the record merely states the case number for the previous offense, that the defendant was on community control sanctions, that the court was aware of the defendant's previous record, and that the incident for which he was currently serving a prison sentence was relatively similar to the case at hand and occurred in Logan County, Ohio. However, since the defendant did not request a presentence investigation and has not raised an issue as to the overall sentence on appeal, we find no error in the lower court.