OPINION
{¶ 1} Defendant-appellant, Richard McClurg II, (hereinafter "McClurg"), appeals the sentence imposed by the Allen County Court of Common Pleas following his guilty plea to one count of breaking and entering.
 {¶ 2} On January 13, 2005, McClurg was indicted for one count of breaking and entering under R.C. 2911.13(A), a fifth degree felony, and one count of grand theft under R.C. 2913.02(A)(1) and (B)(2), a fourth degree felony.
 {¶ 3} The charges resulted from an incident where McClurg, Danny Zimmer, and someone named Clint broke in to R.H. Roofing sometime on November 25 or 26, 2004. During the break-in, McClurg, Zimmer, and Clint stole three loads of tools and office equipment from the business.
 {¶ 4} On February 9, 2005, McClurg pled guilty to breaking and entering as a part of a plea agreement. Under the terms of the plea agreement, the prosecution agreed to dismiss the charge of grand theft.
 {¶ 5} On March 16, 2005, the trial court held a sentencing hearing and sentenced the defendant to twelve months in prison, which is the maximum sentence pursuant to R.C. 2929.14(A)(5).
 {¶ 6} It is from this maximum sentence that McClurg appeals.
 ASSIGNMENT OF ERROR NO. I The trial court committed an error of law by imposing the maximumsentence.
 {¶ 7} In his sole assignment of error, McClurg argues the trial court erred when it imposed the maximum sentence. Within this assignment of error, McClurg asserts that the trial court's finding that the victim suffered psychological harm under R.C. 2929.12 (B)(2) was not supported by the record; nor was the trial court's finding that the offense was committed for hire or as part of an organized criminal activity supported by the record. Additionally, McClurg argues the trial court's finding that the victim suffered economic harm was insufficient to support a maximum sentence when the court also found that genuine remorse was shown by the defendant. Finally, McClurg asserts that the trial court did not state its reasons for imposing the maximum sentence.
 {¶ 8} In reviewing a felony sentence, an appellate court may not modify or vacate and remand a sentence unless it finds, by clear and convincing evidence, that the record does not support the sentencing court's findings or is otherwise contrary to law. See R.C. 2953.08(G)(2). The trial court is in the best position to make the fact-intensive evaluations required by the sentencing statutes as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society. State v.Martin (1999), 136 Ohio App.3d 355, 361, 736 N.E2d 907.
 {¶ 9} When sentencing a defendant, the trial court may sentence an offender to the maximum term only if it finds that the defendant is a person who "committed the worst forms of the offense [or] * * * who pose[s] the greatest likelihood of committing future crimes." R.C.2929.14(C). The court must also state the reasons for its findings on the record for sentencing an offender to the maximum term. R.C. 2929.14(C); R.C. 2929.19(B)(2)(d).
 {¶ 10} In sentencing McClurg to the maximum sentence, the trial court determined that he posed "the greatest likelihood of committing future offenses." In determining whether an offender poses the greatest likelihood of committing future crimes under R.C. 2929.14, the sentencing court must consider the statutory sentencing factors found in R.C.2929.12(B), (C), (D), and (E). State v. Johnson (2004), 3d Dist. No. 2-03-38, 2004-Ohio-2062, ¶ 7, citing Martin, 136 Ohio App. 3d 355.
 {¶ 11} R.C. 2929.12 (B)(2) provides that the sentencing court must consider whether "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." At the sentencing hearing in the present case, the trial judge found that the victim of the offense suffered both psychological and economic harm under R.C. 2929.12(B)(2).
 {¶ 12} McClurg does not dispute the trial court's finding of economic harm, but he challenges the finding of psychological harm under R.C.2929.12(B)(2). Further, McClurg asserts that the finding of economic harm is not enough to support the imposition of a maximum sentence. However, McClurg fails to acknowledge the trial court's recidivism findings under R.C. 2929.12(D).
 {¶ 13} Under the recidivism factors listed in R.C. 2929.12(D), the trial court found that McClurg had numerous crimes on his record as both a juvenile and an adult. McClurg's record included a domestic violence incident where McClurg threatened his mother with numb chucks and a negligent assault conviction, involving the shooting of his brother in the leg. Also, McClurg was convicted of aggravated menacing in 1993, telephone harassment in 1994, unauthorized use of a motor vehicle in 1994, disorderly conduct in 1995, obstructing official business, runaway, and persistent disorderly conduct in 1996. In 1997, McClurg was also convicted of burglary and sentenced to the Ohio Department of Youth Services.
 {¶ 14} Moreover, McClurg has several offenses on his record as an adult. McClurg was sentenced to the Ohio Department of Rehabilitation and Correction for receiving stolen property. Further, his record contains convictions for theft, driving under suspension, and persistent disorderly conduct. At the time of sentencing, charges were pending against McClurg for petty theft and assault in Lakeview, Ohio.
 {¶ 15} The trial court also found that McClurg had "not been rehabilitated to a satisfactory degree."
 {¶ 16} Assuming, arguendo, that the trial court's findings of psychological harm and organized crime are unsupported by the record, McClurg is still unable to meet the clear and convincing standard required to overturn the trial court's sentence.
 {¶ 17} The trial court's uncontested finding of economic harm, McClurg's extensive criminal history both as a juvenile and an adult, and the finding of unsatisfactory rehabilitation are adequate justifications for the trial court's finding that McClurg posed the "greatest likelihood of committing future crimes" even if the trial court found the defendant to have genuine remorse. Accordingly, this Court cannot determine by clear and convincing evidence that the trial court's imposition of a maximum sentence was unsupported by the record or was contrary to law.See R.C. 2953.08(g).
 {¶ 18} McClurg also argues that the sentencing court did not state its reason for imposing a maximum sentence. When sentencing a defendant to a maximum sentence, the trial court is required to state its reasons for imposing the maximum sentence. R.C. 2919.19(B)(2)(d). In the present case, the sentencing transcript makes clear that the reason for the imposition of the maximum sentence was McClurg's extensive criminal background. McClurg's contention in this regard, therefore, is without merit.
 {¶ 19} The appellant's assignment of error is overruled for the foregoing reasons.
 {¶ 20} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Rogers and Shaw, J.J., concur.