OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, George Robinson, appeals the decision of the Mahoning County Court of Common Pleas which accepted Robinson's guilty plea to one count of burglary and one count of breaking and entering and sentenced him to a maximum consecutive prison term. In this appeal, Robinson argues, among other things, that the trial court used the wrong legal standard when determining Robinson's sentence. Robinson is correct. In this case, the trial court used a presumption of imprisonment, rather than a presumption against imprisonment, when sentencing Robinson. Thus, the sentence imposed upon Robinson is contrary to law. Robinson's sentence is vacated and this case is remanded for resentencing.
 {¶ 2} On August 16, 2007, Robinson was indicted by the Mahoning County Grand Jury of one count of burglary, in violation of R.C. 2911.21(A)(1)(C), a felony of the second degree, and of one count of breaking and entering in violation of R.C. 2911.13(A)(C), a felony of the fifth degree. On September 25, 2007, the State and Robinson reached an agreement where Robinson would plead guilty as charged to count two and to an amended charge in count one of fourth degree burglary in exchange for the State recommending a sentence of twenty-four months. After a sentencing hearing was conducted, the trial court imposed eighteen months of prison for count one and twelve months in prison for count two with the sentences running consecutive to each other.
 {¶ 3} Robinson raises seven assignments of error challenging his sentence, but we will only address his third assignment of error, as it is dispositive. In that assignment of error, Robinson argues:
 {¶ 4} "The trial court erred when it sentenced Defendant/Appellant to serve a prison term herein because `the Defendant failed to overcome the presumption of imprisonment under 2929.13(D).'"
 Sentencing {¶ 5} In its judgment entry, the trial court stated: "The Defendant has failed to overcome the presumption of imprisonment under R.C. 2929.13(D)." Robinson argues that there is no presumption of imprisonment for the crimes to which he pleaded guilty *Page 2 
and, therefore, that the trial court erred when sentencing him. The State concedes the trial court's error in this regard, but argues that the error was harmless since Robinson's sentence is supported by the record and not contrary to law.
 {¶ 6} When reviewing a felony sentence, we are only allowed to reverse that sentence if we clearly and convincingly find that the trial court's decision is contrary to law. R.C. 2953.08(G)(2); State v. Stroud, 7th Dist. No. 07 MA 91, 2008-Ohio-3187, at ¶ 43.
 {¶ 7} Both Robinson and the State are correct since the trial court did, in fact, err by stating that R.C. 2929.13(D) created a presumption of imprisonment for the offenses to which Robinson pleaded guilty. R.C. 2929.13(D) creates a presumption in favor of a prison term for first and second degree felonies and certain, specified offenses. The offenses to which Robinson pleaded guilty are not included in any of the offenses listed in R.C. 2929.13(D). Moreover, no other statute creates a presumption in favor of a prison term for offenders being sentenced for the offenses to which Robinson pleaded guilty. Accordingly, the trial court erred when sentencing Robinson.
 {¶ 8} The State contends that the error is harm less since the trial court sentenced Robinson within the statutory range and the record supports the sentence imposed. In support of this argument, the State cites to State v. Good, 3d Dist. No. 8-04-34, 2005-Ohio-2660, which was decided before the Ohio Supreme Court altered the statutory felony sentencing structure in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In Good, the trial court's findings when imposing consecutive sentences tracked the language relating to low degree felonies and maximum sentences, neither of which applied inGood. Nevertheless, the appellate court found that the trial court's actions were harmless since these findings "were in addition to the correct findings included in the sentencing record in this case."Good at ¶ 15.
 {¶ 9} The difference between the error the trial court made inGood and the error the trial court made in this case is not merely a difference of degree, which can be judged similarly; it is a difference of type, which calls for a difference type of analysis. We cannot excuse the fact that the trial court used an incorrect presumption for imprisonment in *Page 3 
place of a correct presumption against imprisonment simply because the trial court made other findings which would support the sentence imposed. The trial court started its consideration of the proper punishment to be imposed on Robinson from the wrong place.
 {¶ 10} Furthermore, since Robinson was convicted of fourth and fifth degree felonies, the trial court should have engaged in the analysis required by R.C. 2929.13(B) before sentencing Robinson to a prison term. R.C. 2929.13(B)(1) provides that "in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 11} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 12} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 13} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 14} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 15} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 16} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22,2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
 {¶ 17} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 18} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance. *Page 4 
 {¶ 19} "(i) The offender committed the offense while in possession of a firearm."
 {¶ 20} Then, under R.C. 2929.13(B)(2), if the court makes a finding described in R.C. 2929.13(B)(1)(a)-(i), and "after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 21} If however, the court does not make a finding described in (B)(1), and after considering the R.C. 2929.12 factors, it "finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender." R.C. 2929.13(B)(2)(b).
 {¶ 22} In this case, therefore, the trial court started with an incorrect presumption in favor of imprisonment and then failed to engage in the analysis required by R.C. 2929.13(B) when sentencing Robinson. Clearly, the trial court has erred and we cannot conclude that this error was harmless. Robinson's third assignment of error is meritorious.
 {¶ 23} Robinson's other six assignments of error argue:
 {¶ 24} "The trial court erred in imposing the maximum sentences on Defendant/Appellant."
 {¶ 25} "The trial court erred in imposing consecutive sentences upon Defendant/Appellant."
 {¶ 26} "The Defendant/Appellant's sentence was not proportional relative to the Defendant's conduct leading to the charges and therefore the sentences are contrary to law."
 {¶ 27} "Defendant/Appellant's sentences are contrary to law as they do not serve the overriding purposes and principles of sentencing as expressed in ORC 2929.11."
 {¶ 28} "The trial court's imposition of maximum consecutive sentences in the *Page 5 
present is contrary to law or violates the mandates of ORC 2929.13(A)."
 {¶ 29} "The trial court erred in its calculation of credit for time served."
 {¶ 30} These six assignments of error all address other errors which the trial court allegedly committed when sentencing Robinson. They are all moot in light of our resolution of Robinson's third assignment of error. Accordingly, Robinson's sentence is vacated and this case is remanded to the trial court for resentencing.
 Vukovich, J., and Waite, J., concurs. *Page 1