[Cite as *State v. DiMichele*, 2010-Ohio-3169.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 09-JE-31 |
| | ) | |
| VINCENT M. DiMICHELE, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Court of Common
                                 Pleas of Jefferson County, Ohio
                                 Case No. 07CR154

JUDGMENT:                        Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee           Thomas R. Straus
                                 County Prosecuting Attorney
                                 Jane M. Hanlin
                                 Assistant Prosecuting Attorney
                                 16001 State Route 7
                                 Steubenville, Ohio 43952

For Defendant-Appellant          Attorney Peter Horvath
                                 38294 Industrial Park Road
                                 P.O. Box 501
                                 Lisbon, Ohio 44432

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

                                 Dated: June 25, 2010

DONOFRIO, J.

{¶1} Defendant-appellant, Vincent DiMichele, appeals from a Jefferson County Common Pleas Court judgment convicting him of two counts of gross sexual imposition and sentencing him to eight years in prison, following his guilty plea to the charges.

{¶2} On December 5, 2007, a Jefferson County grand jury indicted appellant on three counts of rape, first-degree felonies in violation of R.C. 2907.02(A)(1)(b), and four counts of gross sexual imposition, third-degree felonies in violation of R.C. 2907.05(A)(4). These counts stemmed from allegations that appellant raped and had other sexual contact with his step-granddaughter who was nine years old at the time. Appellant entered a not guilty plea to the charges.

{¶3} On April 14, 2008, appellant entered into a plea agreement with plaintiff-appellee, the State of Ohio. Pursuant to the agreement, the state moved to amend the indictment by entering a nolle prosequi to the three rape counts and to two of the gross sexual imposition counts. In exchange, appellant entered a guilty plea to the remaining two counts of gross sexual imposition.

{¶4} Subsequently, on May 1, 2008, the trial court sentenced appellant to four years in prison on each count to be served consecutively for a total of eight years. It also found appellant to be a tier II sex offender.

{¶5} Appellant filed a notice of appeal and a motion for a delayed appeal on August 17, 2009. This court granted his motion for delayed appeal by judgment entry dated September 16, 2009.

{¶6} Appellant raises three assignments of error. However, his first assignment of error encompasses his second and third assignments of error. Therefore, we will address the three assignments of error together. They state, respectively:

{¶7} "THE TRIAL COURT SENTENCED THE DEFENDANT TO A DISPROPORTIONATE AMOUNT OF TIME, WHEN THERE ARE MITIGATING FACTORS UNDER REVISED CODE 2929.12(E) AND THERE IS NO PRESUMPTION IN FAVOR OF INCARCERATION."

**{¶8}** "WHETHER A THIRD DEGREE FELONY CARRIES A PRESUMPTION OF JAIL TIME."

**{¶9}** "WHETHER ANY DEFERENCE WAS GIVEN TO THE APPELLANT'S MITIGATING FACTORS IN THE SENTENCING."

**{¶10}** Appellant makes one very short argument in support of all three assignments of error. He simply quotes various sentencing statutes. He then argues that the trial court erroneously found that his offenses carried a presumption of prison time. And he points out that he has no other criminal history. Appellant also suggests that his sentence is too harsh given his crimes.

**{¶11}** Our review of felony sentences is a limited, two-fold approach, as outlined by the plurality opinion in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶26. First, we must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. (O'Connor, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. Id. at ¶13-14 (O'Connor, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the court's exercise of discretion "in selecting a sentence within the permissible statutory range is subject to review for any abuse of discretion." Id. at ¶17 (O'Connor, J., plurality opinion). Thus, we apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. Id. at ¶17 (O'Connor, J., plurality opinion).

**{¶12}** Further, a sentencing court has "full discretion" to sentence an offender within the statutory range and is no longer required to make findings or give its reasons for imposing non-minimum, maximum, or consecutive sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, at paragraph seven of the syllabus.

**{¶13}** The trial court's judgment entry states in part: "The court finds under ORC §2929.13(C) that there is a presumption for prison and that presumption has not been rebutted." Thus, there is no question that the trial court applied a

presumption of prison.

**{¶14}** R.C. 2929.13(C) provides:

**{¶15}** "Except as provided in division (D), (E), (F), or (G) of this section, in determining whether to impose a prison term as a sanction for a felony of the third degree or a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."

**{¶16}** As referenced in R.C. 2929.13(C), R.C. 2929.13(D)(1) provides the presumption of prison:

**{¶17}** "Except as provided in division (E) or (F) of this section, for a felony of the first or second degree, for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, *and for a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable*, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Division (D)(2) of this section does not apply to a presumption established under this division for a violation of division (A)(4) of section 2907.05 of the Revised Code." (Emphasis added.)

**{¶18}** Appellant was convicted of two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). Thus, at first glance, appellant's convictions would seem to carry a presumption of prison.

**{¶19}** But this language was not added to R.C. 2929.13(D) until August 3, 2006. Prior to August 2006, the presumption was not in the statute. The dates of appellant's offenses were "between JUNE 2006 AND JUNE 2007." (See Indictment; emphasis sic.) Thus, the "start" date of the offenses was before the statute added the presumption of prison.

**{¶20}** The presumption is set out again in R.C. 2907.05(C)(2), which specifically provides:

**{¶21}** "(2) Gross sexual imposition committed in violation of division (A)(4) or (B) of this section is a felony of the third degree. Except as otherwise provided in this division, for gross sexual imposition committed in violation of division (A)(4) or (B) of this section *there is a presumption that a prison term shall be imposed* for the offense." (Emphasis added.)

**{¶22}** Like the language in R.C. 2929.13(D), the presumption of prison language was not added to R.C. 2907.05 until August 3, 2006.

**{¶23}** Similarly at issue in *State v. Kepiro*, 10th Dist. No. 06AP-1302, 2007-Ohio-4593, was which version of R.C. 2907.05 applied when the state could not prove exactly when the offense occurred. As to this issue, the Tenth District stated:

**{¶24}** "[A]ppellant is arguing that the prosecution failed to prove that he committed the alleged acts after the statute at issue was amended on July 1, 1996. We agree. Furthermore, because the old and amended versions of R.C. 2907.05 are in conflict regarding the presumption of a mandatory prison term, we must apply the rule of lenity. Additionally, the fact that the revised statute provides a harsher punishment than its predecessor, sentencing appellant under the revised statute-without proof the conduct occurred after July 1, 1996-operates as an ex post facto law. The state's argument that the conduct *could have occurred after* July 1, 1996 is fundamentally flawed. It is the state's burden to prove each element of each count of the indictment beyond a reasonable doubt. If the state cannot meet its burden as to any element, of any count, that count must be dismissed. Here, the state did not prove that appellant molested A.S. after July 1, 1996. Therefore, a mandatory prison term was inappropriate and, accordingly, we sustain the second assignment of error in its entirety." (Emphasis sic.) Id. at ¶49.

**{¶25}** The same rationale applies here. Because the trial court improperly applied the wrong statutory presumption in favor of prison, the sentence is contrary to law and must be reversed. See *Kalish*, 120 Ohio St.3d at ¶4. This does not mean a

prison sentence is improper as long as the proper statute is followed.

**{¶26}** This issue is contained in appellant's first and second assignments of error. Accordingly, his first and second assignments of error have merit. Based on this analysis, appellant's third assignment of error alleging that the trial court failed to consider mitigating factors in sentencing him is moot.

**{¶27}** For the reasons stated above, appellant's sentence is hereby reversed and the matter is remanded for resentencing.

Vukovich, P.J., concurs.

Waite, J., concurs.