[Cite as *State v. Schwytzer*, 2021-Ohio-83.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-20 |
| | : | |
| | : | Trial Court Case No. 2019-CR-476 |
| v. | : | |
| | : | (Criminal Appeal from |
| DUSTIN A. SCHWYTZER | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of January, 2021.

. . . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Miami County Prosecutor's Office, Safety Building, 201 West Main Street, Troy, Ohio 45373
  Attorney for Plaintiff-Appellee

BENJAMIN ELLIS, Atty. Reg. No. 0092449, 805-H Patterson Road, Dayton, Ohio 45419
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant, Dustin A. Schwytzer, appeals from his convictions on one count of unlawful sexual conduct with a minor, a fourth degree felony pursuant to R.C. 2907.04(A) and (B)(1), and one count of sexual battery, a third degree felony pursuant to R.C. 2907.03(A)(1) and (B). Raising one assignment of error, Schwytzer argues that the trial court erred in sentencing him for the offense of sexual battery, because the court incorrectly indicated that a term of imprisonment was presumptively necessary. Although no such presumption applies to the offense, we hold that the trial court's error was harmless, and therefore, Schwytzer's convictions are affirmed.

## I. Facts and Procedural History

{¶ 2} On September 24, 2019, a high school counselor contacted the West Milton Police Division to report that a female student wanted to obtain a protection order against Schwytzer. The student disclosed that in October 2018, when she was 15 years old, Schwytzer, who was then 27 years old, had engaged in sexual conduct with her on several occasions. Schwytzer persisted in contacting the student by telephone and appearing outside her home long after she had ended the relationship, which prompted her to seek assistance. Another female student, who was 16 years old, reported that Schwytzer had recently forced himself on her in the back seat of a car; Schwytzer was 28 years old at that time.

{¶ 3} On October 3, 2019, Schwytzer appeared before the Miami County Municipal Court, where he waived his right to a preliminary hearing and agreed to plead guilty to one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and one count of sexual battery in violation of R.C. 2907.03(A)(1). In exchange, the State agreed

to refrain from prosecuting Schwytzer on a proposed count of rape. The parties did not agree to a recommended sentence.

{¶ 4} Schwytzer appeared before the Miami County Court of Common Pleas on October 29, 2019. He waived his right to prosecution by indictment, consented to prosecution by information, and entered pleas of guilty to the charges of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and sexual battery in violation of R.C. 2907.03(A)(1). The case was referred for a presentence investigation, and the court scheduled a sentencing hearing for December 2, 2019.

{¶ 5} At the sentencing hearing, the trial court sentenced Schwytzer to serve concurrent terms in prison of 16 months on the charge of unlawful sexual conduct with a minor and 60 months on the charge of sexual battery. While discussing the latter offense, the court remarked that "[b]ecause [Schwytzer] [was] convicted of sexual battery[,] * * * a felony of the third degree[,] * * * there is a presumption for prison." Transcript of Sentencing Hearing 11:13-11:15, Dec. 2, 2019 [*hereinafter* Sentencing Transcript]. The court filed an entry memorializing the sentences on December 4, 2019, and Schwytzer timely filed a notice of appeal to this court on December 9, 2019.

## II. Analysis

{¶ 6} For his single assignment of error, Schwytzer contends that:

THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE IN SENTENCING HIM UNDER A PRESUMPTION OF PRISON[.]

{¶ 7} Schwytzer argues that the trial court erred by sentencing him to serve 60 months in prison for the offense of sexual battery, because the court stated incorrectly that a term of imprisonment was presumptively necessary. Appellant's Brief 7. In

Schwytzer's view, the court thus "began its consideration of the proper punishment from the wrong place," which had "the same practical effect [as] judicial bias." *Id.* at 10. The State concedes that no presumption applied. Appellee's Brief 3.

{¶ 8} A "trial court has full discretion to impose any sentence within the authorized statutory range, and [it] is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. On review of a felony sentence, an appellate court may vacate or modify the sentence "only if it determines by clear and convincing evidence" that the record of the case does not warrant the sentence, pursuant to the relevant statutes, or that the sentence is otherwise contrary to law. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231, ¶ 1; *see also* R.C. 2953.08(G)(2). A sentence "is not contrary to law [if it falls] within the statutory range [and the trial court] expressly state[s] that it * * * considered the purposes and principles of sentencing [under] R.C. 2929.11 [and] 2929.12." (Citation omitted.) *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 32 (2d Dist.).

{¶ 9} Under R.C. 2929.11(A), a "court that sentences an offender for a felony shall be guided" by the "overriding purposes" of punishing the offender and "protect[ing] the public from future crime by the offender and others," while "using the minimum sanctions that [it] determines [likely to] accomplish [these] purposes without imposing an unnecessary burden on state or local government resources." Accordingly, the "court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution." *Id.* R.C.

2929.11(B) adds that a felony sentence "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon [any] victim[s], and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 10} Pursuant to R.C. 2929.12(A), in "exercising [its] discretion" to determine "the most effective way to comply with the purposes and principles of sentencing set forth in [R.C.] 2929.11," a court must consider, among other things, a list of nine factors "indicating that [an] offender's conduct [was] more serious than conduct normally constituting" the offense for which the offender was convicted; a list of four factors "indicating that the offender's conduct [was] less serious than conduct normally constituting the offense"; a list of five factors "indicating that the offender is likely to commit future crimes"; and a list of five factors "indicating that the offender is not likely to commit future crimes." *See also* R.C. 2929.12(B)-(E). The court "may [further] consider any other factors that are relevant to achieving [the] purposes and principles of [felony] sentencing." R.C. 2929.12(A).

{¶ 11} Schwytzer challenges his sentence for sexual battery. By default, sexual battery is a third-degree felony, but if the victim is less than 13 years old, "sexual battery is a felony of the second degree," entailing "a mandatory prison term equal to one of the definite prison terms prescribed in [R.C.] 2929.14[(A)(2)(b)]." *Id.*; *see also* R.C. 2929.13(F)(3)(c) (similarly requiring imposition of a term in prison for the offense of sexual battery in cases in which the victim is under 13). The victim in the instant case, however, was more than 13 years old at the relevant time, meaning that a prison term was not mandatory pursuant to R.C. 2907.03(B). Moreover, a prison term was not "presumed [to

be] necessary" under R.C. 2929.13(D)(1), which includes no provisions relating to cases of sexual battery involving victims over the age of 13. The trial court therefore erred by stating that a presumption in favor of a prison term applied to the charge of sexual battery.

{¶ 12} Even so, "[a]ny error, defect, irregularity, or variance [in a criminal matter] which does not affect [the defendant's] substantial rights shall be disregarded" as a "harmless error." *See* Crim.R. 52(A); *State v. Harris*, 142 Ohio St.3d 211, 2015-Ohio-166, 28 N.E.3d 1256, ¶ 36. Under the "harmless-error standard of review, 'the government bears the burden of demonstrating that [a purportedly harmless] error did not affect the substantial rights of the defendant.' " (Emphasis omitted.) *Harris* at ¶ 36, quoting *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 15. Generally, for an error to be deemed to have affected the defendant's substantial rights, the defendant must have suffered prejudice as a result of the error. *Id.*

{¶ 13} The trial court sentenced Schwytzer to a term in prison of 60 months on the charge of sexual battery. During the sentencing hearing, the court offered the following explanation to Schwytzer:

> The court has considered the presentence investigation report[,] [along with] [t]he statement that you've made and [the statement made by] your counsel, as well as the [arguments offered by] the [S]tate[,] and [the] victim impact statement[s] from [the victim of the sexual battery offense and] her [mother,] [her] grandmother[,] and [her] brother. The court must consider the three principles of sentencing, [which are] to protect the public from future crime; to punish [offenders] for the offense[s] [they have] committed; and [to] promote effective rehabilitation. The court must

[further] consider whether you're likely to [commit additional crimes in the future,] and that is based upon your history of delinquency as a juvenile. Part of it may be your pattern [of] treating yourself with marijuana[.] I'm not quite clear about that, but it's very clear [that] that's what you do * * *. You do not appear to be rehabilitated. The court must consider the seriousness factors under [R.C. 2929.12], and again, that [implicates your] significant juvenile history, including the non-compliance. Under the statute, you also satisfy the provisions that it was the relationship with the victim that facilitated the offense[,] and [the victim's] age is a contributing factor. * * * In the sexual battery charge, you were 28 [years old] and the victim had turned 16 * * * one month [before the commission of the offense]. Because you have been convicted of sexual battery[,] it is a felony of the third degree[,] and <u>there is a presumption for prison</u>[.] You do [sic] meet the following elements [on the basis of which] the court concludes prison is appropriate. Your conduct was more serious than conduct normally constituting the offense[s] [with which you were charged] because it's your relationship with the victims that facilitated [the] offense[s]. [The] differen[ce] [between your age and that of the victim, who was] just turning 16 when you were * * * 28[, is another factor making your conduct more serious than conduct normally constituting the offense.] You have a serious juvenile record that makes this court believe it involved the same exact type of conduct[.] [T]he reason for that is it was a felony burglary charge on a reduction[,] and part of your sentence was you were ordered to

complete sex offender treatment.

(Emphasis added.)   Sentencing Transcript 10:19-11:23.

{¶ 14} When the trial court mentioned that Schwytzer had, in the past, been ordered to complete sex offender treatment, Schwytzer responded, "[w]hich I did, your honor."   *Id.* at 11:24.   The court then continued as follows:

> You would not have had to [complete sex offender treatment] if [the corresponding juvenile offense] did not involve the same type of conduct [at issue] here * * *.   Furthermore, your background and the facts of this case are disturbing.   You have an extensive juvenile history.   That history includes [the foregoing] felony burglary charge[, as part of which] you were ordered to complete treatment for impulsive disorder[,] and mental health and sex offender treatment, amongst other treatments.   You violated probation[,] and you were committed.   You had parole violations in 2007 and two parole violations in 2008.   The facts in this case demonstrate to the court that you clearly prey on young girls.   Two girls came forward[,] and the [presentence investigation] report clearly indicates that there are more victims, [who] just didn't come forward.   * * *.   [With respect to the sexual battery offense], the victim had just turned 16; you were 28; [and you and the victim] were [with two other persons] in a car in a McDonald's parking lot.   You * * * spoke quietly outside the car [with one of the other two persons], [and the two other persons] then left.   You intentionally got [the victim] alone in the car where you then sexually assaulted her.   There was no provocation; no relationship; nothing more than you having

compulsive behavior to sexually assault young girls. I have personally been to that McDonald's. I cannot even begin to describe what I think of when I hear about that conduct in that parking lot. That is an extremely small parking lot. There's no extended parking[, and] no semi parking[,] [and] all the cars are very close in proximity[.] [A]nd you're having sex in a car in the McDonald's parking lot during business hours. There's absolutely no excuse[,] [no] reason[,] [n]or any explanation for that. You didn't care if anyone saw you; nothing was going to stop you from attacking that girl in that car.

\* \* \*

In looking at \* \* \* mitigating factors, the court finds none. \* \* \* The court doesn't find anything believable you've said here today. You have had—you're 28[, so] you've had plenty of time to get treatment [since you were adjudicated delinquent as a juvenile]. You said yourself [that] you had all kinds of treatment ordered during your juvenile history[.] [Y]ou have a father who's not [a good] example, and yet you've done nothing to help yourself. You've done nothing to get treatment on your own[.] [Y]ou've not taken the [prescribed] medication for any mental health issue[s] you may have; instead, you hung out with children or girls that were [10] years or more younger than you and smoked marijuana[.] [A]nd the court also finds it troubling that this is the reason [you said earlier that] you're ready to change[,] because you haven't been in that big of trouble [sic] before. You \* \* \* have an adult record, [though] it's just not as serious as this one [sic],

but you've [been convicted of] theft[,] [and were charged with] drug [offenses] that were amended to disorderlies.   * * *

*Id.* at 12:1-14:2.

{¶ 15} The trial court's explanation conveys an emphatic belief that a prison sentence was necessary as a sanction for the offense of sexual battery, regardless of whether a presumption in favor of prison was applicable.   After noting the victim's age, Schwytzer's age, the nature of the offense and the degree of the offense, the court referred only once to a presumption, and then discussed its rationale at length.   The court deemed a prison sentence to be necessary in reliance on the presentence investigation report, which recommended that Schwytzer be sentenced to prison; the likelihood that Schwytzer would commit similar offenses in the future; the seriousness of Schwytzer's conduct, which the court found to be more serious than conduct normally constituting the offense; Schwytzer's considerable juvenile record, which included indications that Schwytzer had a predilection to commit sex offenses; the circumstances of the offense, which the court found to be particularly disturbing; and the lack of any mitigating factors.

{¶ 16} Furthermore, the trial court imposed nearly the maximum prison term for the other offense with which Schwytzer was charged—unlawful sexual conduct with a minor, a fourth-degree felony.   Although no presumption in favor of prison applied to the offense, the court determined nonetheless that a term in prison was warranted.   This determination suggests, all but conclusively, that the court's decision to impose a prison sentence for the more serious offense of sexual battery was based independently on the court's discretion, rather than the court's incorrect reference to a presumption in favor of prison.

{¶ 17} Schwytzer argues that the trial "court's application of a presumption of prison in sentencing [him], where no such presumption exists," is "contrary to law in the most elementary meaning of the phrase." Appellant's Brief 8, citing *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11. He cites two opinions from the Seventh District Court of Appeals in support of his argument.

{¶ 18} In the first of these, the trial court sentenced the defendant to a total of 30 months in prison, and in its judgment entry, the court found that the " '[d]efendant had failed to overcome the presumption of imprisonment under [R.C.] 2929.13(D).' " *State v. Robinson*, 7th Dist. Mahoning No. 07 MA 224, 2008-Ohio-4321, ¶ 5, quoting the trial court's judgment entry. Yet, the fourth-degree felony and fifth-degree felony "offenses to which [the defendant] pleaded guilty [were] not [among] the offenses listed in R.C. 2929.13(D)," nor did any "other statute [establish] a presumption in favor of a prison term for * * * the offenses to which [the defendant] pleaded guilty." *Id.* at ¶ 7. As a result, the Seventh District vacated the sentence. Observing that R.C. 2929.13(B)(1) establishes a presumption in favor of community control sanctions for fourth- and fifth- degree felonies, the Seventh District explained that it could not "excuse the fact that the trial court used an incorrect presumption for imprisonment in place of a correct presumption against imprisonment[,] simply because the trial court made other findings which would [have] support[ed] the [imposition of a prison] sentence." *See id.* at ¶ 9-22. Here, however, no mandate or presumption in favor of community control sanctions applied to the offenses for which Schwytzer was sentenced to prison. *See* R.C. 2929.13(B)(1)(a)(ii), (C) and (D)(1).

{¶ 19} In the second of the Seventh District cases, the defendant was convicted

on two counts of gross sexual imposition under R.C. 2907.05(A)(4), and the trial court found that a term in prison was presumptively necessary pursuant to R.C. 2907.05(C)(2) and 2929.13(D).   *State v. DiMichelle*, 7th Dist. Jefferson No. 09-JE-31, 2010-Ohio-3169, ¶ 13 and 17-18.   On review, the Seventh District noted that the trial court had relied on versions of R.C. 2907.05 and 2929.13 which became effective after the defendant had committed the offenses for which he was convicted, meaning that the trial court should have applied the previous versions of the statutes.   *See id.* at ¶ 19-25.   The Seventh District reasoned that, "[b]ecause the trial court improperly applied the wrong statutory presumption in favor of prison, the sentence is contrary to law and must be reversed." *Id.* at ¶ 25.

{¶ 20} Schwytzer argues likewise that because the trial court in this case incorrectly stated that a presumption applied to the offense of sexual battery, the sentence was contrary to law.   Appellant's Brief 8-10.   Although the trial court did refer to a presumption, we find the record suggests that the court did not rely on the presumption to any meaningful extent as part of its sentencing determination.   Instead, the court determined that a term in prison was the appropriate punishment based on the purposes and principles of felony sentencing set forth in R.C. 2929.11 and 2929.12.   In *DiMichelle*, by contrast, the Seventh District found that "there [was] no question that the trial court applied a presumption of prison."   *DiMichelle* at ¶ 13.

{¶ 21} On review of the record of Schwytzer's sentencing hearing, we find that in sentencing Schwytzer to a term in prison of 60 months on the charge of sexual battery, the trial court relied on the facts of the case and the statutory purposes and principles of felony sentencing, rather than its single reference to an inapplicable presumption in favor

of prison. The record fully supports the trial court's findings, and the term was within the range authorized by R.C. 2929.14(A)(3)(a). Consequently, we hold that the trial court's erroneous reference to a presumption in favor of prison was a harmless error. Schwytzer's assignment of error is overruled.

### III. Conclusion

{¶ 22} The trial court's incorrect reference to a presumption in favor of a term in prison for the offense of sexual battery did not affect Schwytzer's substantial rights. Although the trial court referred to a presumption, the court's rationale for the sentence demonstrates that the court deemed a term in prison to be the appropriate sanction regardless of whether a presumption applied to the offense under the circumstances. Therefore, Schwytzer's convictions are affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

FROELICH, J., dissents:

{¶ 23} By dissenting, I am not saying that the ultimate sentence was not appropriate and supported by the record. My concern is that we have no way of discerning how much weight, if any, the trial court gave to the non-existent presumption and whether the result would have been the same had the trial court exercised its discretion without that presumption. An appellate court cannot and should not exercise *its* discretion based on the record and find that the sentence was based solely on the *trial court's* discretion and the statutory factors, as opposed to the statutory presumption which the court articulated.

{¶ 24} The *Robinson* decision, while neither binding nor precisely on point, is nonetheless instructive. There, the trial court mistakenly used a presumption of imprisonment when sentencing the defendant to consecutive prison terms on his guilty pleas to burglary and breaking and entering. *See Robinson,* 7th Dist. Mahoning No. 07 MA 224, 2008-Ohio-4321, ¶ 1-2. As in this case, the State acknowledged the trial court's error, yet argued that the error was harmless because the prison sentence imposed was within the statutory range and supported by the record. The State relied on *State v. Good,* 3d Dist. Logan No. 8-04-37, 2005-Ohio-2660, which held that the trial court's citation to inapplicable factors, in addition to the correct statutory factors, when imposing sentence was harmless. The appellate court vacated Robinson's sentence, stating in part:

> The difference between the error the trial court made in *Good* and the error the trial court made in this case is not merely a difference of degree, which can be judged similarly; it is a difference of type, which calls for a difference [sic] type of analysis. We cannot excuse the fact that the trial court used an incorrect presumption for imprisonment * * * simply because the trial court made other findings which would support the sentence imposed. The trial court started its consideration of the proper punishment to be imposed on Robinson from the wrong place.

*Id.* at ¶ 9.

{¶ 25} The State seeks to distinguish *Robinson* on the basis that, at the time the defendant in that case was sentenced, the sentencing statute required trial courts to determine that defendants convicted of non-violent fourth- and fifth-degree felonies (such as Robinson) were not amenable to community control sanctions before imposing a

prison sentence. *See* former R.C. 2929.13(B)(1)-(2). The trial court in *Robinson* failed to do so. *Robinson* at ¶ 22. This is a distinction without a difference since the *Robinson* appellate court could have found that the other factors in the record demonstrated that Robinson was not amenable to community control.

{¶ 26} Further, any distinction that does exist between *Robinson* and the instant case is insufficient to overcome the likelihood of prejudice stemming from the trial court's explicit beginning of its analysis of Schwytzer's sentencing factors "from the wrong place." *See Robinson* at ¶ 9. Although the trial court thoroughly considered the seriousness and recidivism factors before imposing a prison term in Schwytzer's case, the record does not disclose the extent to which that conclusion was influenced by the trial court's erroneous belief that a presumption of prison applied. While the trial court detailed factors that *may* have supported a prison sentence even in the absence of a statutory presumption of such, I cannot say, beyond a reasonable doubt, that the trial court would have imposed a prison term regardless of the erroneous presumption.

Copies sent to:

Janna L. Parker
Benjamin W. Ellis
Hon. Stacy M. Wall