**[Cite as *State v. Maire*, 2020-Ohio-3491.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                   Court of Appeals No. S-19-033

      Appellee                              Trial Court No. 18 CR 1011

v.

James Y. Maire                                 **DECISION AND JUDGMENT**

      Appellant                             Decided:  June 26, 2020

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney,
for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, James Maire, appeals the January 31, 2019 judgment of the Sandusky County Court of Common Pleas imposing consecutive sentences.  For the reasons that follow, we reverse.

**{¶ 2}** Appellant sets forth one assignment of error:

1. The Trial Court's sentence of James Y. Maire ("Appellant") violates R.C. § 2929.14(C)(4) - and is thus contrary to law - insofar as the Trial Court did not making [sic] appropriate findings of fact for Appellant to be sentenced in a consecutive manner.

## Background

**{¶ 3}** On October 1, 2018, appellant was indicted, in Sandusky County Common Pleas Court case No. 18 CR 1011, on one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree, and one count of violating a protection order, in violation of R.C. 2919.27(A)(1), a felony of the third degree. These charges arose out of events which occurred between appellant and his live-in girlfriend on December 31, 2017. The domestic violence count included a specification that appellant had a prior conviction for domestic violence.

**{¶ 4}** Appellant was also indicted, in Sandusky County Common Pleas Court case No. 18 CR 714, on one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree, and one count of abduction, in violation of R.C. 2905.02(A)(1), also a felony of the third degree. The charges arose out of an incident which occurred with appellant and his live-in girlfriend on July 5, 2018. The domestic violence count included a specification that appellant had two prior convictions for domestic violence.

2.

**{¶ 5}** On October 30, 2018, appellant was arraigned, and pled not guilty to the charges. A jury trial was held on January 29, 2019. After the state rested, the court granted appellant's Crim.R. 29 motion as to the charge of violating a protection order. The jury found appellant guilty of the two domestic violence charges and not guilty of the abduction charge. Appellant was then sentenced to 36 months in prison on the domestic violence count in case No. 18 CR 714, and 18 months in prison on the domestic violence count in case No. 18 CR 1011, to be served consecutively, for a total period of incarceration of 54 months. Appellant appealed, arguing the trial court failed to make all of the findings required under R.C. 2929.14(C)(4) for consecutive sentences.

## Standard

**{¶ 6}** The standard of appellate review of felony sentences is set forth in R.C. 2953.08. This court outlined that standard of review in *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, as limiting our review to whether there is clear and convincing evidence to support the trial court's findings and whether the sentence is contrary to law.

## Law

**{¶ 7}** R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions
> of multiple offenses, the court may require the offender to serve the prison
> terms consecutively if the court finds that the consecutive service is
> necessary to protect the public from future crime or to punish the offender

3.

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 8} "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing * * *. And because a court speaks through its journal * * * the court should also incorporate its statutory findings into the sentencing entry. However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings,

consecutive sentences should be upheld." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

## Argument and Analysis

{¶ 9} Appellant asserts the trial court failed to find that consecutive sentences were necessary to protect the public from future crime or to punish appellant. Appellant further contends the court did not find that the consecutive sentences were disproportionate to the seriousness of appellant's conduct and to the danger appellant poses to the public, and if the court also finds any of the following one of the factors of R.C. 2929.14(C)(4)(a), (b) or (c) at the sentencing hearing, and none of the required findings was incorporated into the judgment entry of sentencing.

{¶ 10} The state counters the trial court engaged in the proper analysis, and the court acknowledged that consecutive sentences were necessary to protect the public. The state submits consecutive sentences were not disproportionate, and appellant had been convicted of violent acts towards his partner four times. The state also maintains the court speaks through its journal, and the sentencing entry outlines verbatim the consecutive sentences factors upon which appellant's sentence was based.

{¶ 11} The transcript reveals that during the sentencing hearing, the state asked the court for maximum, consecutive sentences for appellant due to his numerous court contacts, including a long domestic violence history with the same victim, and the fact that he had been to prison before. The court observed the state "has asked for four and a half years, which is what you've been convicted of." The court accepted the state's

5.

recommendation of three years in prison for the third-degree felony domestic violence, and 18 months in prison for the fourth-degree felony. The court stated "it's certainly very concerning -- four times, you've been convicted now of violent acts towards your partner. Doesn't that scare you a little bit that * * * you have such little control? I mean * * * you can't believe that you're entitled to beat on someone like that." The court further said "[w]e've all seen the pictures…heard the testimony. A lot of people have gone through life * * * never even seeing the inside of a court or a jail cell. They learned at a young age * * * and went with the mantra of never hit a woman." The court also stated "the older we get, the more we're supposed to figure it out, and unfortunately, that hasn't happened yet, so -- my job is to attempt to protect the public and impose an appropriate punishment for the -- the conduct." The court then clarified the terms were consecutive.

{¶ 12} A review of the record shows the trial court found consecutive sentences were necessary to protect the public from future crime and to punish appellant, but the court did not find that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public. In addition, the court failed to find one of the factors of R.C. 2929.14(C)(4)(a), (b) or (c) at the sentencing hearing. The court did, however, set forth all of the required findings in the judgment entry of sentencing.

{¶ 13} We therefore find the record does not support the conclusion that the trial court made all findings required by R.C. 2929.14(C) at the time it imposed consecutive sentences. We further find appellant's sentence is contrary to law. Thus, this matter

6.

must be remanded for a new sentencing hearing.  Accordingly, appellant's assignment of error is well-taken.

{¶ 14} The sentence of the Sandusky County Court of Common Pleas is vacated and the matter remanded to the trial court for resentencing.  Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed, sentence
vacated and matter remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                           _____
                                                                JUDGE
Christine E. Mayle, J.                     

Gene A. Zmuda, P.J.                        _____
CONCUR.                                                  JUDGE

                                                            _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.