[Cite as *State v. Wheeler*, 2021-Ohio-1074.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                              Court of Appeals No. WD-20-053

    Appellee                                         Trial Court No. 2019CR0562

v.

Brandon K. Wheeler                              **DECISION AND JUDGMENT**

    Appellant                                         Decided: March 31, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Brandon K. Wheeler, appeals the judgment of the Wood County Court of Common Pleas, convicting him, following a guilty plea, of one count of failure to comply with an order or signal of a police officer, and one count of petty theft, and sentencing him to serve a total prison term of 36 months. For the reasons that follow, we reverse.

## I. Facts and Procedural Background

{¶ 2} On February 20, 2020, the Wood County Grand Jury indicted appellant on one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a felony of the third degree, and one count of petty theft in violation of R.C. 2913.02(A)(1) and (B)(2), a misdemeanor of the first degree. The charges stemmed from appellant's theft of electronic merchandise from a Walmart store in Bowling Green, Ohio, and subsequent high speed car chase to and through portions of Toledo, Ohio.

{¶ 3} On May 8, 2020, appellant withdrew his initial plea of not guilty, and pleaded guilty to the counts as presented in the indictment. Following a Crim.R. 11 plea colloquy, the trial court accepted appellant's plea of guilty and ordered the matter continued for the preparation of a presentence investigation report.

{¶ 4} Sentencing was held on June 26, 2020. At the sentencing hearing, the trial court noted appellant's lengthy criminal history of theft and drug use. The court further recounted the specifics of the present case in which appellant led police on a car chase lasting 15 minutes and traversing 25 miles. During that time, appellant operated his vehicle at a speed in excess of 100 m.p.h. Appellant also ran red lights and stop signs, traveled on the wrong side of the roadway, and continued to drive his truck even after the hood flew up and blocked the windshield. The court concluded,

> The report in regard to what you did is really troubling, the way you
>
> drove. I understand that drugs are part of this and they suspended your

2.

ability to make good decisions; but it appears that your ability to make good decisions has been suspended for a while in regard to this.

You are forty years old. You have a long history of all of these offenses. You may be rehabilitatable (sic) and maybe community control will be appropriate at some time, but it's not right now.

Thus, the trial court ordered appellant to serve the maximum prison term of 36 months on the count of failure to comply, and 180 days on the count of petty theft. The court further ordered those sentences to be served concurrently.

{¶ 5} In its subsequent judgment entry of conviction, the trial court stated,

The Court further finds that after considering the factors set forth in R.C. 2929.12, a **prison term is consistent with the purposes and principles of sentencing** set forth in R.C. 2929.11 and the Defendant **is not amenable to an available community control sanction**.

The Court further finds that a combination of community control sanctions **would demean the seriousness** of the Defendant's conduct and its impact on the victim, that a sentence of imprisonment **is commensurate** with the seriousness of the Defendant's conduct and its impact on the victim and that a prison sentence **does not place** an unnecessary burden on the state's governmental resources.

The Court finds that pursuant to R.C. 2929.13(B) it is presumed that a prison term is necessary in order to comply with the purposes and

3.

principles of sentencing under R.C. 2929.11, including, but not limited to, the fact that Defendant's prior record consists of over 5 traffic offenses and at least 6 theft offenses. (Emphasis sic.)

## II. Assignment of Error

{¶ 6} Appellant has timely appealed his judgment of conviction, and now asserts one assignment of error for our review:

> 1. The trial court erred to the prejudice of appellant by imposing sentence under the false belief that a prison sentence was statutorily presumed.

## III. Analysis

{¶ 7} We review criminal sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16. R.C. 2953.08(G)(2) allows us to "increase, reduce, or otherwise modify a sentence," or "vacate the sentence and remand the matter to the sentencing court for resentencing" if we clearly and convincingly find either "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or "(b) That the sentence is otherwise contrary to law."

{¶ 8} In his assignment of error, appellant argues that his sentence is contrary to law because it is based on the trial court's incorrect finding that a prison term is presumed

under R.C. 2929.13(B). Notably, R.C. 2929.13(B) only applies to fourth or fifth-degree felonies, and it does not presume a prison term for those offenses.

{¶ 9} The state, for its part, concedes that the court's reference to a prison term being presumed under R.C. 2929.13(B) is error. However, the state characterizes the error as a scrivener's error, and suggests that the court incorrectly used "presumed" instead of a synonym such as "favored" or "indicated," and mistakenly typed "R.C. 2929.13(B)" instead of "R.C. 2929.12(B)." As such, the state encourages us to simply modify the judgment entry pursuant to our authority under App.R. 12(A)(1)(a),[1] by removing the reference to a presumption of a prison term under R.C. 2929.13(B). Alternatively, the state requests that we remand the matter to the trial court to enter a nunc pro tunc entry to rectify the inadvertent clerical error in accordance with Crim.R. 36.[2]

{¶ 10} We agree with the parties that the trial court's reference to a presumption of a prison term under R.C. 2929.13(B) is error, as that section does not apply to the instant third-degree felony, nor does it presume a prison term. We decline, however, to exercise

---

[1] App.R. 12(A)(1)(a) provides, "On an undismissed appeal from a trial court, a court of appeals shall do all of the following: (a) Review and affirm, modify, or reverse the judgment or final order appealed."

[2] Crim.R. 36 provides, "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

our authority to modify the judgment entry ourselves, or to remand the matter for the trial court to correct the judgment entry nunc pro tunc.

{¶ 11} It is axiomatic that "a court speaks through its journal entries." *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 12. "Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided." (Citations omitted.) *Id.* at ¶ 15. "A clerical error or mistake refers to 'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *Id.*, quoting *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19 (overruled on other grounds).

{¶ 12} Here, the error or mistake involves the incorrect presumption of a prison term under R.C. 2929.13(B). Because the error in this case involves a legal judgment as to whether a prison term is presumed, and because we cannot conclusively determine from the limited record before us whether the trial court sentenced appellant under the mistaken belief that a prison term was presumed, or whether the court simply inadvertently included that passage in its sentencing entry,[3] we hold that appellant's

---

[3] We disagree with the state's speculation that the court intended to use the words "favored" or "indicated," which are not adequately synonymous with "presumed" in this context. Further, we disagree that the court intended to cite "R.C. 2929.12(B)" instead of "R.C. 2929.13(B)" as R.C. 2929.12(B) also does not speak to the presumption of a prison term, but rather sets forth the "more serious" factors relevant to the offender's conduct.

6.

sentence must be vacated, and the matter must be remanded for a new sentencing hearing. *Compare State v. Showalter*, 7th Dist. Belmont No. 16 BE 0027, 2018-Ohio-5411, ¶ 36 (trial court's incorrect citation to a presumption of a prison term under R.C. 2929.13(F) could be corrected by a nunc pro tunc entry because the record demonstrated that the trial court "clearly considered the correct law but cited to the wrong revised code section in its sentencing entry").

{¶ 13} Accordingly, appellant's assignment of error is well-taken.

### IV. Conclusion

{¶ 14} For the foregoing reasons, we find that substantial justice has not been done the party complaining, and the judgment of the Wood County Court of Common Pleas is reversed and appellant's sentence is vacated. The matter is remanded to the trial court for resentencing. Appellee, the state of Ohio, is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.               _____
                                     JUDGE

Christine E. Mayle, J.

Myron C. Duhart, J.               _____
CONCUR.                                              JUDGE

_____
                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.