[Cite as *State v. Merer*, 2021-Ohio-1553.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                            Court of Appeals No. WD-20-015

     Appellee                                          Trial Court No. 2019CR0257

v.

Randy Merer                                             **DECISION AND JUDGMENT**

     Appellant                                         Decided:  April 30, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Catherine Meehan, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Randy Merer, appeals the January 29, 2020 judgment of the Wood County Court of Common Pleas sentencing him to an aggregate prison term of 48 months following his convictions for attempted pandering of sexually-oriented matter involving a minor and possessing criminal tools.  For the following reasons, we reverse.

## I. Background and Facts

{¶ 2} On June 9, 2019, Merer was indicted on seven counts of pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322(A)(1), all second-degree felonies, and one count of possessing criminal tools in violation of R.C. 2923.24(A), a fifth-degree felony, which included a forfeiture specification under R.C. 2941.1417(A). The charges arose from Merer's use of cellphones to record his sexual encounters with the victim, who was 17 years old at the time that Merer recorded the videos.

{¶ 3} Merer and the state reached a plea agreement that allowed him to plead guilty to seven counts of attempted pandering sexually-oriented matter involving a minor, all third-degree felonies, and the indicted charge of possessing criminal tools. The trial court accepted Merer's pleas and found him guilty on all counts.

{¶ 4} On January 24, 2020, the trial court held Merer's sentencing hearing. When Merer's attorney addressed the court, she asked the court to impose community control and said that "[t]hese are felonies of the third degree with no presumption of prison, no presumption of probation." She argued that the sentencing factors under R.C. 2929.12 favored a term of community control. The state disagreed and asked the court to impose prison terms. The trial court also heard statements from Merer and his father.

{¶ 5} Before imposing sentence, the court reviewed the circumstances of the underlying offenses and some of Merer's other, unindicted conduct and the factors in R.C. 2929.11 and 2929.12. It then sentenced Merer to a prison term of 36 months on each attempted pandering charge and a prison term of 12 months on the criminal tools

2.

charge. The court ordered the seven attempted pandering charges to be served concurrently to one another and ordered the criminal tools charge to be served consecutively to the attempted pandering charges, for an aggregate prison term of 48 months.

{¶ 6} The trial court filed its sentencing entry on January 29, 2020. The judgment entry reflects the 36-month sentences for each of the attempted pandering charges and the 12-month sentence for the criminal tools charge. It also orders that the attempted pandering sentences are to be served concurrently to one another and that the criminal tools sentence is to be served consecutively to the attempted pandering sentences. Additionally, the judgment entry states that "pursuant to R.C. 2929.13(B) it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under R.C. 2929.11."

{¶ 7} Merer now appeal, raising two assignments of errors:

ASSIGNMENT OF ERROR I: THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A TERM OF INCARCERATION.

ASSIGNMENT OF ERROR II: THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO SERVE CONSECUTIVE SENTENCES.

## II. Law and Analysis

### A. The trial court's judgment entry incorrectly presumed that Merer's convictions required the imposition of prison time.

3.

{¶ 8} In his first assignment of error, Merer argues that the trial court erred by sentencing him to a term of incarceration rather than community control for three reasons: (1) the record does not support the imposition of a prison term under R.C. 2929.11 and 2929.12, (2) the trial court improperly presumed that a prison term was required for his third-degree felony convictions, and (3) the trial court improperly considered uncharged conduct when weighing the seriousness and recidivism factors in R.C. 2929.12. Because the second argument is dispositive, we will consider it first.

{¶ 9} We review a challenge to a felony sentence under R.C. 2953.08(G)(2). The statute provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 10} Merer argues that his prison sentence is contrary to law because the trial court stated in its judgment entry that "pursuant to R.C. 2929.13(B) it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under R.C. 2929.11[,]" despite his third- and fifth-degree felony convictions

4.

not carrying presumptions that prison time is necessary to comply with the purposes and principles of sentencing in R.C. 2929.11.  We agree.

{¶ 11} Under the applicable provisions of the sentencing statute, neither third-degree attempted pandering sexually-oriented matter involving a minor nor fifth-degree possessing criminal tools carries a presumption that a prison term is necessary to comply with the purposes and principles of sentencing in R.C. 2929.11.  Third-degree felony sentences are controlled by R.C. 2929.13(C), which states that "in determining whether to impose a prison term as a sanction for a felony of the third degree * * *, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."  Fifth-degree felony sentences are controlled by R.C. 2929.13(B), which mandates community control sanctions in certain circumstances, makes prison discretionary in certain circumstances, and, if neither of those options applies, requires the court to "comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code" in determining whether to impose a prison term.

{¶ 12} Despite the contrary requirements of R.C. 2929.13, the trial court stated in its sentencing entry that it found "pursuant to R.C. 2929.13(B) it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under R.C. 2929.11."[1]  At the sentencing hearing, the trial court did not say—

---

[1] Notably, R.C. 2929.13(B) does not presume a prison term for any offenses to which it applies.

one way or the other—whether it presumed that a prison term was necessary for any of Merer's offenses.  However, it is axiomatic that "a trial court speaks through its judgment entries," *State v. Payne*, 6th Dist. Lucas Nos. L-13-1024 and L-13-1025, 2014-Ohio-1147, ¶ 14, and what the trial court's entry in this case tells us is that the court "presumed that a prison term is necessary * * *" to protect the public, punish Merer, and rehabilitate Merer using minimal government resources.  R.C. 2929.11(A).  So, instead of starting from a place of neutrality, as required by R.C. 2929.13(C), the judgment entry clearly states that the trial court started its sentencing analysis under the impression that Merer had to go to prison.  Even if the trial court did everything else right in fashioning Merer's sentence, when the court starts its consideration of a defendant's punishment from the wrong place, the resulting sentence cannot stand.  *See State v. Wheeler*, 6th Dist. Wood No. WD-20-053, 2021-Ohio-1074, ¶ 12; *State v. Robinson*, 7th Dist. Mahoning No. 07 MA 224, 2008-Ohio-4321, ¶ 9.

{¶ 13} In some cases, the appellate court can determine from the record that an apparent error in the sentencing entry is nothing more than a clerical error that the trial court can correct with a nunc pro tunc entry.  This is not such a case.

{¶ 14} A "clerical error" is "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment."  (Internal quotations omitted.)  *State v. Love*, 6th Dist. Lucas No. L-05-1087, 2006-Ohio-2925, ¶ 27.  The trial court can correct a clerical error at any time.  Crim.R. 36.  But, although a court possesses inherent authority to correct a clerical error in its judgment entry so that

6.

"the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided." (Internal quotations omitted.) *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15.

{¶ 15} For example, in *Love*, the trial court cited inapplicable statutes—which required a mandatory three-year term of incarceration—in its judgment entry imposing a three-year prison term for appellant's first-degree felonious assault conviction. *Love* at ¶ 22. Under the correct statute, appellant's conviction for first-degree felonious assault was punishable by a non-mandatory term of three to ten years of incarceration. *Id.* at ¶ 23. However, the trial court's "comments at the sentencing hearing reflect[ed] its intention * * *" to sentence appellant to a non-mandatory term. *Id.* at ¶ 24. While the appeal was pending, the trial court entered a nunc pro tunc order correcting the error pursuant to Crim.R. 36. *Id.* at ¶ 23. We found that the trial court's action was proper because "the sentencing hearing transcript *and* the judgment entry" reflected that the error was "mechanical in nature and apparent on the record." (Emphasis added.) *Id.* at ¶ 27.

{¶ 16} In contrast, in Merer's case, there is nothing in the transcript of the sentencing hearing making it "apparent on the record" that the reference to a "presumed" prison term in the judgment entry was merely "mechanical in nature." *Id.* Although Merer's attorney mentioned at the beginning of the hearing that "[t]hese are felonies of the third degree with no presumption of prison, no presumption of probation[,]" the trial court never stated whether or not a prison term was presumed for Merer's offenses. And,

7.

although the trial court cited an inapplicable statute in its judgment entry—i.e., R.C. 2929.13(B), which does not impose a presumption of prison under *any* circumstance—it is possible that the trial court mistakenly cited R.C. 2929.13(B) as supporting its erroneous belief that a prison term was presumed in this case. Either way, it is not "apparent from the record" that either of these mistakes was "mechanical in nature."

{¶ 17} Moreover, the trial court's consideration of R.C. 2929.11 and 2929.12 on the record is not conclusive proof that it did not presume a prison term because R.C. 2929.11(A) requires a sentencing court to consider the purposes and principles of sentencing in every case—including cases in which a prison term is presumed. Additionally, under R.C. 2929.13(B)(2), Merer's fifth-degree felony conviction required the court to consider the seriousness and recidivism factors in R.C. 2929.12(B) through (F) in exercising its "discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in [R.C. 2929.11]." R.C. 2929.12(A). So, given that the trial court was required to make the findings it made on the record— whether or not there was a presumption of prison for Merer's third-degree felony convictions—the fact that the court made these findings does not show that the court made a clerical error in its sentencing entry.

{¶ 18} Finally, the determination of whether or not a prison term is presumed for an offense involves a legal judgment. *Wheeler*, 6th Dist. Wood No. WD-20-053, 2021-Ohio-1074, at ¶ 12. This takes such a determination outside of the scope of a clerical

8.

error that can properly be corrected with a nunc pro tunc entry. Crim.R. 36; *Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, at ¶ 15.

{¶ 19} In short, there is nothing in the record to clearly demonstrate that the trial court's unambiguous statement in its judgment entry that "it is presumed that a prison term is necessary * * *" was anything other than a substantive sentencing error. For that reason, we find that Merer's sentence must be vacated, and the matter must be remanded for a new sentencing hearing. *Compare State v. Showalter*, 7th Dist. Belmont No. 16 BE 0027, 2018-Ohio-5411, ¶ 36 (trial court's incorrect citation to a presumption of a prison term under R.C. 2929.13(F) could be corrected by a nunc pro tunc entry because the record demonstrated that the trial court "clearly considered the correct law but cited to the wrong revised code section in its sentencing entry * * *"). Accordingly, Merer's first assignment of error is well-taken.

### B. Merer's second assignment of error is moot.

{¶ 20} In his second assignment of error, Merer argues that the trial court erred in sentencing him to consecutive sentences because the record does not support the court's finding that Merer's conduct caused great or unusual harm. Because we are vacating Merer's sentence, Merer's arguments regarding consecutive sentences are moot, and his second assignment of error is not well-taken.

### III. Conclusion

{¶ 21} The January 29, 2020 judgment of the Wood County Court of Common Pleas is reversed. Merer's sentence is vacated, and this matter is remanded for

9.

resentencing consistent with this decision.  The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgement reversed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.              _____
                                                        JUDGE
Christine E. Mayle, J.
CONCUR.                           _____
                                                        JUDGE

Gene A. Zmuda, P.J.              _____
CONCURS AND WRITES                                JUDGE
SEPARATELY.


**ZMUDA, P.J.**

{¶ 22} On January 29, 2020, the Wood County Court of Common Pleas ordered appellant to serve an aggregate 48-month prison term following his convictions for attempted pandering of sexually-oriented matter involving a minor and possession of criminal tools.  The majority concludes that the trial court erred in imposing the prison term because the judgment entry references a presumed a prison for appellant's third and fifth-degree felony convictions when no presumption is applicable.  I agree that a trial court's incorrect presumption that a prison term is necessary renders the imposition of a

10.

prison term contrary to law. *See State v. Robinson*, 7th Dist. Mahoning No. 07 MA 224, 2008-Ohio-4321, ¶ 22; *State v. DiMichele*, 7th Dist. Jefferson No. 09-JE-31, 2010-Ohio-3169, ¶ 25. However, because I do not find clear and convincing evidence in the record that the trial court presumed a prison term was necessary, I would not find appellant's sentence was imposed contrary to law. That notwithstanding, I would find that the trial court erred in ordering appellant to serve his prison terms consecutively and would remand this matter for resentencing. For that reason, I concur with the majority in reversing the trial court's judgment but would reach that conclusion for different reasons.

### I. Appellant failed to identify clear and convincing evidence that the trial court's judgment was contrary to law.

{¶ 23} Appellant was convicted of six counts of attempted pandering of sexually oriented matter, each a third-degree felony, and one count of possession of criminal tools, a fifth-degree felony. His convictions arose from his use of a cell phone to record sexual encounters with the victim, A.B., who was 17 at the time. None of appellant's convictions carried a statutory presumption that a prison sentence was necessary to comply with the purposes of felony sentencing.

{¶ 24} At his sentencing hearing, the trial court imposed a 48-month aggregate prison term without reference to a presumption that a prison term was necessary. The trial court's judgment entry recounts its consideration of the applicable sentencing factors stating:

> The Court considered the record, oral statements, any victim impacts statement, the presentence report, the purposes and principles of sentencing

11.

under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and the offender pursuant to 2929.12, and the need for deterrence, incapacitation, rehabilitation and restitution. In determining a sentence the Court was guided by the overriding purposes of felony sentencing, including protection of the public from future crime by the offender and punishment of the offender, using the minimum sanctions that the Court determined accomplish those purposes without imposing an unnecessary burden on state of local government resources.

The judgment entry then identifies the specific seriousness and recidivism factors it considered in determining appellant's sentence, ultimately concluding that "a prison term *is consistent* with the purposes and principles of sentencing set forth in R.C. 2929.11 and the Defendant *is not* amenable to an available community control sanction." (Emphasis sic.). It is only after this analysis that the judgment entry, through reference to an inapplicable statute, finds that "pursuant to R.C. 2929.13(B) it is presumed that a prison term is necessary to comply with the purposes and principles of sentencing under R.C. 2929.11." Appellant argues, and the majority agrees, that the reference to a presumed prison term in the judgment entry only renders his sentence contrary to law.

{¶ 25} An appellate court's review of felony sentences is governed by R.C. 2953.08(G)(2) which states:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and

remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

The "clear and convincing evidence" standard is defined as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Mitten*, 6th Dist. Sandusky No. S-19-056, 2021-Ohio-89, ¶ 4, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The burden is on the appellant to identify clear and convincing evidence in the record that their sentence was erroneously imposed. *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6.

{¶ 26} The majority determined that the trial court's statement in its judgment entry that it presumed a prison term was necessary to satisfy the purposes of felony sentencing as described in R.C. 2929.11, when no such presumption applied to

appellant's third and fifth-degree felony convictions, constituted reversible error. Following review of the record, I disagree.

{¶ 27} At appellant's sentencing hearing, the trial court made no reference to a presumptive prison term when determining appellant's sentence. To the contrary, appellant's counsel explicitly stated, without objection from the state or comment from the trial court, that there was no presumption that a prison term was necessary. The trial court made no reference to the presumption of a prison term when it actually imposed appellant's sentence. Nothing about the trial court's statements at the sentencing hearing establishes a firm belief that the trial court improperly presumed a prison term was necessary. Notably, appellant's argument makes no reference to an alleged error at the sentencing hearing.

{¶ 28} The trial court's judgment entry likewise does not provide clear and convincing evidence that appellant's sentence was imposed contrary to law. The judgment entry properly recounts the trial court's imposition of sentence at the hearing including the factors it considered in determining whether a prison term was appropriate. The judgment entry then reflects the trial court's finding that a prison term rather than a community control sanction was consistent with the purposes of felony sentencing under R.C. 2929.11.

{¶ 29} Only after identifying the proper bases on which it imposed appellant's sentence does the trial court's judgment entry state "[t]he Court finds that pursuant to R.C. 2929.13(B) it is presumed that a prison term is necessary in order to comply with

14.

the purposes and principles of sentencing under R.C. 2929.11." In the context of the judgment entry, the reference to R.C. 2929.13(B) has no reasonable connection to the trial court's otherwise proper imposition of a prison term. If the trial court had presumed a prison term was necessary, it is only logical it would state that presumption *before* or, at least, in conjunction with its analysis under R.C. 2929.11 and 2929.12. As it stands, the reference to R.C. 2929.13(B) after already describing the proper analysis, including the consideration of community control sanctions, appears to be nothing more than an error in the preparation of the judgment entry rather than evidence that the trial court did not began its sentencing analysis from a neutral position. I would, therefore, find that the judgment entry's reference to a presumptive prison term—particularly in light of the trial court's extensive recounting of its consideration of the appropriate sentencing statutes at the sentencing hearing and in its judgment entry—does not show that the trial court committed reversible error.

{¶ 30} The majority concludes that there is "nothing in the record" to clearly demonstrate that the trial court's statement in the judgment entry was "anything other than a substantive sentencing error." Essentially, the majority found that appellant successfully proved a negative—that the trial court's failure to explicitly state it did not presume a prison term was necessary at the sentencing hearing constitutes a complete lack of evidence that it began from a position of neutrality. I disagree. There is no requirement that a trial court affirmatively state that it does not presume a prison term is necessary when there is no applicable presumption. I would find the trial court's silence

on that issue at sentencing, in light of appellant's counsel's unchallenged argument that no presumption applied, is evidence from the record that demonstrates the trial court did not presume a prison term was necessary.

{¶ 31} So, what do we make of the clearly erroneous inclusion of the presumption language in the judgment entry? I conclude in this case that the offending language does not constitute reversible error under the applicable standard of review because the language does not clearly and convincingly result in a sentence that was contrary to law. R.C. 2953.08(G)(2)(b). Simply stated, absent the errant reference in the judgment entry, there is nothing in the record supporting the proposition that the trial court's action in imposing a prison sentence was based on the incorrect presumption for prison.

{¶ 32} For these reasons, I would find that the judgment entry's reference to a presumption that a prison term was necessary does not constitute clear and convincing evidence that appellant's sentence was imposed contrary to law. As a result, I disagree with the majority's conclusion and would not reverse the trial court's judgment on these grounds. Because I would not have found the first assignment of error reversible, I believe we must, necessarily, address appellant's second assignment of error.

## II. The trial court erred in imposing consecutive sentences.

{¶ 33} While I disagree with the majority's analysis, I nevertheless concur in the majority's judgment that the trial court erred and this matter should be remanded for resentencing because I find merit in appellant's second assignment of error.

16.

**{¶ 34}** In his second assignment of error, appellant argues that trial court's findings under R.C. 2929.14(C) are not supported by the record. R.C. 2929.14(C)(4) provides as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

This statute requires the trial court to make three statutory findings before imposing consecutive sentences. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. It must find (1) that consecutive sentences are necessary to protect the public or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) that R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *Beasley* at ¶ 252. "[T]he trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry." (Emphasis sic.) *Id.* at ¶ 253, citing *Bonnell* at ¶ 37. While the sentencing court is required to make findings under R.C. 2929.14(C)(4) before imposing consecutive sentences, it is not required to give reasons explaining the findings. *State v. Kubat*, 6th Dist. Sandusky No. S-13-046, 2015-Ohio-4062, ¶ 33. However, the record must contain evidence to support the trial court's findings. *Bonnell* at ¶ 29, citing R.C. 2953.08(G)(2)(a).

{¶ 35} At appellant's sentencing hearing, the trial court stated:

The Court believes that multiple terms are necessary in this case to protect the public from future crime and to punish the offender. They are not disproportionate to the seriousness of the offender's conduct and the

18.

danger he poses to the public. I would say that they were committed as a course of conduct. And the harm caused by the offenses so — are so great and unusual that a single prison term for any of the offenses committed as part of the course of conduct would not be enough. The Court has considered all of the circumstance under 2929.14(C) in imposing consecutive sentences in this particular case and believes they are necessary.

Appellant argues that the trial court erred because its findings were not supported by the record as there was no evidence that appellant's conducts resulted in great or unusual harm. I agree.

{¶ 36} At his change of plea hearing, the state identified the facts it would have established had the case gone to trial. In its recitation, the state made no reference to the harm the victim suffered. Similarly, at sentencing, the state did not reference any harm suffered by the victim. Appellant did not stipulate that the victim suffered any harm during any proceedings. Also, while not necessary for a finding of great or unusual harm, it is also relevant that the victim did not provide a victim impact statement. See *State v. Eager*, 3d Dist. Henry No. 7-15-02, 2015-Ohio-3525, ¶ 16-19. The sole reference to the harm the victim suffered was made by the trial court when it found that any harm suffered was exacerbated by the victim's age.

{¶ 37} An offender's conduct results in "great or unusual harm" when there is "something about the commission of [the] particular offenses that causes greater harm, or

more unusual harm, than [the] harm ordinarily resulting from the commission of the offenses." *State v. Byrd*, 2d Dist. Clark No. 03-CA-08, 2004-Ohio-4369, ¶ 38. The harm incurred as a result of the offense must be "more egregious" than the harm which would normally result from the offense. *State v. Kay*, 2d Dist. No. 263444, 2015-Ohio-4403, ¶ 18. Further, "[t]here must be actual evidence of, not the potential for, 'great or unusual' harm in evidence to support the finding." *State v. Williams*, 6th Dist. Lucas Nos. L-15-1259, L-15-1260, 2016-Ohio-4905, ¶ 27; *State v. Gessel*, 6th Dist. Williams No. WM-19-004, 2020-Ohio-403, ¶ 17. Put simply, a finding under R.C. 2929.14(C)(4)(b) must be supported by evidence that the harm incurred is greater than that which would be expected to result from the offenses committed. *Byrd* at ¶ 37.

{¶ 38} Both appellant and the state identified appellant's sexual relationship with the victim as consensual. Notably, appellant was not charged with a crime related to the sexual relationship as, despite the significant age difference between appellant and the victim, that relationship was not illegal. Instead, appellant's conduct was illegal because he recorded his sexual interactions with the victim, a minor, in violation of R.C. 2907.322(A)(1) and (C).

{¶ 39} Appellant's crime—attempted pandering of sexually-oriented matter involving a minor—was predicated on the victim's age as defined by the statute. When age is an element of the offense, a trial court's reference to harm suffered by the victim as a result of their age, without more, is not sufficient to support a finding of great or unusual harm. See *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 20.

Therefore, we review the record to determine if there is evidence of great or unusual harm beyond concern over the victim's age at the time of the offense. This court recently affirmed consecutive sentences involving a conviction for pandering sexually oriented matter involving a minor, among other charges, in *State v. Smith*, 6th Dist. Wood No. WD-19-082, 2021-Ohio-150. In *Smith*, the minor victim's mother provided a victim impact statement in which she stated the defendant injected her daughter with heroin over the course of six days which resulted in her daughter becoming infected with hepatitis C. This diagnosis "altered [the victim's] life forever" due to ongoing medical and hygienic concerns related to the disease. Further, the victim's mother stated that her daughter was fearful of others even in her own home and suffered from anxiety, depression, and low self-esteem. These conditions were exacerbated by the defendant's posting of the sexually oriented material of the minor victim online. We found that this evidence of harm was sufficient to show the victim suffered great or unusual harm and affirmed the imposition of consecutive sentences. *Id*. at ¶ 14.

{¶ 40} I do not reference our holding in *Smith* here as a standard for the amount of evidence or the severity of harm that a minor victim must suffer to be considered great or unusual under R.C. 2929.14(C)(4)(b). Instead, I rely on *Smith* as an example of the state identifying evidence of harm beyond a victim's age to support the imposition of consecutive sentences. Here, I find a complete dearth of evidence of harm to the victim beyond concern over her age at the time of the offense. No victim impact statements were provided and the state failed to call any witnesses to describe the nature of the harm

21.

suffered by the victim from appellant's recording of their sexual encounters—a fact particularly notable as the relationship itself, despite the age difference, would not constitute a crime in this state had he not made the recordings. Put simply, there is no evidence in the record on which to find the victim suffered great or unusual harm as described in R.C. 2929.14(C)(4)(b).

{¶ 41} In sum, the trial court's reference to the victim's age here does not support its finding of great or unusual harm. Since the state failed to identify any harm arising from appellant's conduct, and appellant did not stipulate that any harm occurred, the record is simply devoid of any evidence which would support a finding of great or unusual harm under R.C. 2929.14(C)(4)(b). For these reasons, I would find appellant's second assignment of error well-taken and would reverse the judgment of the trial court on that basis.

### III. Scope of resentencing on remand.

{¶ 42} While I concur with the majority's judgment that the trial court erred, my analysis is not concluded. Rather, I must now analyze the appropriate scope of remand. In doing so, a review of the applicable case law, both within this district and state-wide, reveals both internal and external conflicts on what is the appropriate scope of resentencing when a trial court's order to serve prison terms consecutively is not supported by the record.

{¶ 43} The Ohio Supreme Court has not directly addressed the scope of resentencing following a trial court's error in imposing consecutive sentences. It has,

22.

however, held that a remand for resentencing generally anticipates a de novo resentencing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. Our recent decision in *State v. Ter Doest*, 6th Dist. Wood No. WD-18-041, 2020-Ohio-4091, comports with Wilson in that we held that the trial court's error in imposing consecutive sentences rendered all other challenges to *Ter Doest's* individual sentences moot. We vacated all of appellant's aggregate sentence and remanded the matter for a de novo resentencing. *Id.* at ¶ 9. We also vacated the entirety of the defendant's sentence in *State v. Maire*, 6th Dist. Sandusky No. S-19-033, 2020-Ohio-3491 based on the trial court's error in imposing consecutive sentences. However, we reached a conflicting result in *State v. Stubbs*, 6th Dist. Sandusky No. S-19-048, 2020-Ohio-4536. There, we limited the defendant's resentencing to the issue of the imposition of consecutive sentences without disturbing the individual prison terms for each of the defendant's convictions. Therefore, I find that this court has an internal conflict regarding the scope of resentencing on remand when a trial court improperly orders an appellant to serve their prison terms consecutively pursuant to R.C. 2929.14(C)(4).

{¶ 44} In addition to this court's internal conflict, our decision in *Ter Doest* is in conflict with the Eighth District Court of Appeals' resolution of this identical issue in *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527. There, the Eighth District

23.

found that a remand for resentencing when the trial court erred in imposing consecutive sentences was limited to that issue only.[2]  *Nia* at ¶ 22.

{¶ 45} In order to determine the appropriate scope of the resentencing on remand, and thereby resolve this conflict, it is necessary to determine what remedy the Ohio General Assembly authorized this court to order upon finding an error in a felony sentence.  R.C. 2953.08(G)(2) "specifically and comprehensively defines the parameters and standards * * * for felony-sentencing appeals."  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.  I would find that the plain language of R.C. 2953.08(G)(2) authorizes this court to only vacate all sentences affected by the erroneous consecutive sentence order and does not permit us to remand for a limited resentencing on that issue alone.

{¶ 46} The primary concern when construing statutes is legislative intent.  *State ex rel. Savarese v. Buckeye Local School Dist. Bd. Of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463.  To determine that intent, courts first look to the plain language of the statute.  *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522.  The plain language of R.C. 2953.08(G)(2) provides an appellate court with two options upon finding that a trial court's findings under R.C. 2929.14(C) are not supported

---

[2] *Nia* is an en banc decision of the Eighth District Court of Appeals in which it resolved its own internal conflict regarding the scope of resentencing on remand.  Neither *Nia* nor the underlying decisions which created the Eighth District's internal conflict analyzed the statutory authority granted to Ohio courts of appeals under R.C. 2953.08(G)(2) regarding the scope of remand.  As a result, they do not provide any persuasive authority on which we can resolve our own internal conflict.

24.

by the record: (1) a court may increase, reduce, or otherwise modify a sentence or (2) may vacate the *sentence* and remand the matter for resentencing.

{¶ 47} R.C. 2929.01(EE) defines a "sentence" as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." Using this definition in conjunction with the remaining language of R.C. 2953.08(G)(2), the plain language therein authorizes appellate courts to vacate a *sentence* upon finding the trial court erred in imposing consecutive sentences. R.C. 2953.08(G)(2)(a). The statute does not mention vacating the portion of the judgment entry related to the consecutive sentence findings. Since, a sentence is defined as the sanction imposed for the offense for which the appellant was convicted, the plain language of the statute only authorizes an appellate court to vacate the entire sentence and remand for a de novo resentencing.

{¶ 48} The Ohio Supreme Court, while not ruling directly on the scope of resentencing, has remanded for de novo resentencing when faced with the same issue we address here. In *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, the defendant was convicted of aggravated murder of three individuals. As to a fourth individual, he was charged with attempted murder and several other felonies including aggravated robbery, kidnapping, and possession of a firearm while under a disability. He was sentenced to death on the three murders. He was sentenced to individual prison terms on each of the other felonies with all sentences ordered to be served consecutively, resulting in a 36-year aggregate sentence.

25.

{¶ 49} The Ohio Supreme Court affirmed *Beasley's* murder convictions and the death penalty sentences. However, it found the consecutive sentence findings were not made and reversed that aspect of the judgment. Rather than remand for the limited purpose of determining whether consecutive sentences were appropriate, appellant's "sentence for his noncapital convictions" was vacated. The court stated "[w]e remand the case for the limited purpose of resentencing *Beasley* on the noncapital convictions." *Id.* at ¶ 262. In the disposition of the case, the court stated "[w]e vacate his sentence for his noncapital convictions and remand the cause to the trial court for a new sentencing hearing consistent with this decision." *Id.* at ¶ 267.

{¶ 50} *Beasley* suggests that the correct scope of resentencing when a consecutive sentence order made in error is de novo. For the foregoing reasons, I agree and would order appellant's entire sentence to be vacated and remand this matter for a de novo resentencing on his second assignment of error only.

### IV. Conclusion

{¶ 51} My resolution of this court's internal conflict in favor of vacating appellant's entire sentence and ordering a de novo resentencing brings my judgment in conformity with that of the majority in this case, albeit for different reasons. As a result, I concur in the majority's judgment only.