[Cite as *State v. Mattoni*, 2021-Ohio-3265.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.    WD-21-014
                                                                        WD-21-015
          Appellee
                                                 Trial Court No.  2020CR0412
v.                                                                 2020CR0269

Larry Mattoni, Jr.                               **DECISION AND JUDGMENT**

          Appellant                              Decided:  September 17, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this consolidated appeal defendant-appellant, Larry Mattoni, Jr., appeals

the February 5, 2021 judgments of the Wood County Court of Common Pleas which

following guilty pleas to domestic violence, a fourth-degree felony, and breaking and

entering, a fifth-degree felony, sentenced him to consecutive sentences totaling 30 months of imprisonment. Pursuant to 6th Dist.Loc.App.R. 10(H), the state concedes error. Accordingly, we reverse and remand the matter for resentencing.

{¶ 2} Relevant to this appeal, the sentencing judgment entries in each case provided: "The Court found that pursuant to R.C. 2929.13(B) it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under R.C. 2929.11."

{¶ 3} On appeal, appellant raises two assignments of error for our review:

Assignment of Error I: The trial court erred to the prejudice of appellant by imposing sentences under the false belief that a prison sentence was statutorily presumed.

Assignment of Error II: The trial court made different findings in support of consecutive sentences at the sentencing hearing than it did in the judgment entries imposing sentence, thereby rendering appellant's aggregate sentence contrary to law.

{¶ 4} In appellant's first assignment of error, he contends that in sentencing appellant the trial court mistakenly believed that there was a presumption in favor of a prison sentence. The state concedes this argument and agrees that the matter should be remanded for resentencing.

{¶ 5} This court had recently addressed similar cases where the trial court erroneously noted the presumption of a prison term under R.C. 2929.13(B). *State v.*

2.

*Wheeler*, 6th Dist. Wood No. WD-20-053, 2021-Ohio-1074; *State v. Merer*, 6th Dist. Wood No. WD-20-015, 2021-Ohio-1553. In *Wheeler*, we concluded:

> Because the error in this case involves a legal judgment as to whether a prison term is presumed, and because we cannot conclusively determine from the limited record before us whether the trial court sentenced appellant under the mistaken belief that a prison term was presumed, or whether the court simply inadvertently included that passage in its sentencing entry, we hold that appellant's sentence must be vacated, and the matter must be remanded for a new sentencing hearing. *Compare State v. Showalter*, 7th Dist. Belmont No. 16 BE 0027, 2018-Ohio-5411, ¶ 36 (trial court's incorrect citation to a presumption of a prison term under R.C. 2929.13(F) could be corrected by a nunc pro tunc entry because the record demonstrated that the trial court "clearly considered the correct law but cited to the wrong revised code section in its sentencing entry").

*Id.* at ¶ 12.

{¶ 6} Accordingly, we find that appellant's first assignment of error is well-taken.

{¶ 7} Appellant's second assignment of error challenges the court's imposition of consecutive prison terms. Based on our disposition of appellant's first assignment of error, we find the argument moot and not well-taken.

3.

**{¶ 8}** On consideration whereof, we reverse the February 5, 2021 judgments of the Wood County Court of Common pleas and remand the matter for resentencing. Pursuant to App.R. 24, the state is ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.  _____
                          JUDGE

Thomas J. Osowik, J.  _____
                          JUDGE

Christine E. Mayle, J.
CONCUR.  _____
                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.